IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LONESTAR 24 HR ER** § | | |
| **MANAGEMENT, LLC, & PATIENT** § | | |
| **J.H., ET AL.,** § | | |
| § | | |
| *Plaintiffs*, § | | |
| § Civil Action No. 5:22-cv-01090-JKP-RBF | | |
| v. § | | |
| § Hon. Jason Pulliam | | |
| **BLUE CROSS AND BLUE SHIELD OF** § | | |
| **TEXAS, A DIVISION OF HEALTH** § | | |
| **CARE SERVICE CORPORATION** § | | |
| § | | |
| *Defendant.* | | |

**DEFENDANT'S REPLY IN SUPPORT OF THE
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ..........................................................................................................................1

    I.   Plaintiffs' Response Misstates Irrelevant Law and Fails to Address the Standing Deficiencies in the TAC ...........................................................................................1

        A.  The Court Lacks Subject-Matter Jurisdiction over Unnamed Parties .........................1

        B.  Lonestar and the Patient Plaintiffs Cannot Bring the Same Claims at the Same Time, Even in the Alternative ...............................................................................................3

        C.  Lonestar Independently Lacks Standing as to Tort Causes of Action .........................5

        D.  Plaintiffs Have Not Presented Evidence to Overcome BCBSTX's 12(b)(1) Factual Attack .............................................................................................................................6

    II.  Plaintiffs' Response Does Not Remedy Their Failure to State a Claim ............................8

        A.  BCBSTX Does Not Misconstrue or Mischaracterize Plaintiffs' Claims .....................8

        B.  Plaintiffs' Response Does Not Save Their ERISA or Breach of Contract Claim Because Patient Plaintiffs Have Access to Their Health Care Plans ...........................8

        C.  Plaintiffs' Response Cannot Cure The Deficiencies In Their Tort Causes of Action ...9

        D.  Plaintiffs' Request for Declaratory Judgment Regarding the Texas Insurance Code and Affordable Care Act is Not Cognizable ............................................................11

CONCLUSION ....................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Benjamin K. v. United Healthcare Servs. Inc.*,
   No. 6:20-cv-1466-Orl-78GJK, 2021 WL 2916711
   (M.D. Fla. Jan. 15, 2021) ........................................................................................................2

*Brushy Creek Family Hosp., LLC v. Blue Cross & Blue Shield of Tex.*,
   No. 1:22-CV-00464-RP, 2022 WL 6727278 (W.D. Tex. Oct. 11, 2022),
   *report and recommendation adopted sub nom. Brushy Creek Family Hosp.,
   LLC v. Blue Cross & Blue Shield of Tex.*, No. 1:22-CV-464-RP, 2022 WL
   17732683 (W.D. Tex. Nov. 15, 2022) ...................................................................................11

*In re Deepwater Horizon*,
   739 F.3d 790 (5th Cir. 2014) ...................................................................................................5

*Doe v. New Mexico Bd. of Bar Exam'rs*,
   No. 21-709 GBW/SCY, 2021 WL 5371409
   (D.N.M. Nov. 18, 2021) ..........................................................................................................2

*Doe v. Stegall*,
   653 F.2d 180 (5th Cir. 1981) ............................................................................................. 1, 3

*Evans v. Tubbe*,
   657 F.2d 661 (5th Cir. 1981) ...................................................................................................7

*Experience Infusion Ctrs., LLC v. Blue Cross & Blue Shield of Tex.*,
   No. CV H-19-5040, 2022 WL 1289342
   (S.D. Tex. Apr. 29, 2022) ........................................................................................................6

*Gulf Insurance Co. v. Burns Motors, Inc.*,
   22 S.W.3d 417, 419 (Tex. 2000) .............................................................................................6

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,
   995 F. Supp. 2d 587 (N.D. Tex. 2014) ..................................................................................10

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross and Blue Shield of Ga., Inc.*,
   892 F.3d 719 (5th Cir. 2018) ............................................................................................. 8, 9

*McAllen Grace Brethren Church v. Salazar*,
   764 F.3d 465 (5th Cir. 2014) ............................................................................................. 4, 5

*MedARC, LLC v. Anthem, Inc.*,
   No. 3:20-CV-3689-N-BH, 2021 WL 3477352
   (N.D. Tex. July 9, 2021) ..........................................................................................................9

*Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*,
 904 F.2d 236 (5th Cir. 1990) ..................................................................................................11

*Pain Control Inst., Inc. v. GEICO Gen. Ins. Co.*,
 447 S.W.3d 893 (Tex. App.—Dallas 2014, no pet.) ................................................................5

*Paterson v. Weinberger*,
 644 F.2d 521 (5th Cir. 1981) ....................................................................................................7

*Piney Woods ER III, LLC v. Blue Cross and Blue Shield of Tex.*,
 No. 5:20-CV-00041-RWS, 2021 WL 7184947
 (E.D. Tex. June 29, 2021) ......................................................................................................12

*SC Shine PLLC v. Aetna Dental, Inc.*,
 No. SA-22-CV-0834-JKP, 2023 WL 4216989
 (W.D. Tex. June 26, 2023) ......................................................................................................9

*Settlement Cap. Corp., Inc. v. Pagan*,
 649 F. Supp. 2d 545 (N.D. Tex. 2009) ....................................................................................6

*Sky Toxicology, Ltd. v. UnitedHealthcare Ins. Co.*,
 No. 5-16-CV-01094-FB-RBF, 2018 WL 4211741
 (W.D. Tex. Sept. 4, 2018) ........................................................................................................4

*Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*,
 659 S.W.3d 424 (Tex. 2023) ....................................................................................................6

*Texienne Physicians Med. Assoc., PLLC v. Health Care Serv. Corp.*,
 No. 3:22-CV-591-G, 2023 WL 2799726
 (N.D. Tex. Apr. 4, 2023) .........................................................................................................9

*TransUnion LLC v. Ramirez*,
 141 S. Ct. 2190 (2021) .............................................................................................................5

*USAA Tex. Lloyds Co. v. Menchaca*,
 545 S.W.3d 479 (Tex. 2018) ..................................................................................................10

*Windmill Wellness Ranch, L.L.C. v. Blue Cross Blue Shield of Tex.*,
 No. SA-19-CV-01211-OLG, 2022 WL 18585976
 (W.D. Tex. Aug. 26, 2022) ......................................................................................................4

**Rules**

Fed. R. Civ. P. 5.2.........................................................................................................................3

Fed. R. Civ. P. 10(a).....................................................................................................................3

Fed. R. Civ. P. 17(a).....................................................................................................................3

# INTRODUCTION

Despite four opportunities to plead their claims, Plaintiffs' Third Amended Complaint ("TAC") (Dkt. 44) still fails to properly establish jurisdiction over large portions of this case and also fails to state a claim with respect to each cause of action. Plaintiffs' Response (Dkt. 52) (the "Response") to BCBSTX's Motion (the "Motion") (Dkt. 47) is long on hyperbole and short on substance addressing the arguments BCBSTX actually made. When the Court probes Plaintiffs' Response for legal authorities to support Plaintiffs' arguments, it will find them sorely lacking, or in many instances entirely absent. Accordingly, the TAC should be dismissed for the following reasons addressed in BCBSTX's Motion:

> **Rule 12(b)(1)** – (a) the Court lacks subject-matter jurisdiction over unnamed parties; (b) the Court cannot have subject-matter jurisdiction over both Lonestar and the Patient Plaintiffs for the same claims at the same time; (c) Lonestar's assignment allegations are insufficient to confer Article III standing; and (d) the Court lacks subject-matter jurisdiction over a number of the insurance claims listed on Exhibit 1 to the TAC.

> **Rule 12(b)(6)** – (a) Plaintiffs fail to state a cause of action for ERISA violations or breach of contract; (b) Plaintiffs fail to state a cause of action for common law torts; and (c) Plaintiffs fail to state a cause of action for declaratory judgment.

# ARGUMENT

**I.     Plaintiffs' Response Misstates Irrelevant Law and Fails to Address the Standing Deficiencies in the TAC**

     A.    <u>The Court Lacks Subject-Matter Jurisdiction over Unnamed Parties</u>

Plaintiffs' Response fails to address at all—and therefore concedes—that controlling law in this Circuit requires party plaintiffs to be identified ***by name*** in the complaint. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("The Federal Rules of Civil Procedure require *plaintiffs* to disclose their names in the instrument they file to commence a lawsuit." (emphasis added)). It is also undisputed that the Patient Plaintiffs are not identified in the complaint and therefore the TAC plainly fails to comply with this precedent. Rather than pointing to caselaw that permits Plaintiffs'

pleading tactic, Plaintiffs instead offer two unavailing excuses. First, Plaintiffs argue that one of the Plaintiffs—Lonestar—"is not at liberty and is not permitted to publish the names of those patients." Resp. ¶ 18. Not only do Plaintiffs fail to cite any authority (including any actual provision of HIPAA) that supports such a bald assertion, but it is irrelevant because the patients themselves are also supposed plaintiffs in this case, TAC ¶ 1, and they independently are obligated to identify themselves.[1] *See Doe v. New Mexico Bd. of Bar Exam'rs*, No. 21-709 GBW/SCY, 2021 WL 5371409, at *1–2 (D.N.M. Nov. 18, 2021) (denying plaintiff's motion to proceed anonymously although she cites to her "privacy rights under the ADA and HIPPA," because her "desire for anonymity does not outweigh the public's interest in open court proceedings"); *Benjamin K. v. United Healthcare Servs. Inc.*, No. 6:20-cv-1466-Orl-78GJK, 2021 WL 2916711, at *2 (M.D. Fla. Jan. 15, 2021) (denying plaintiff to proceed anonymously because "[Plaintiff's] argu[ment] that he is entitled to maintain the privacy of his protected health information" under HIPPA, and therefore, should be allowed to proceed anonymously, "is not enough to outweigh the presumption of openness in judicial proceedings"). It is of no matter, under the Federal Rules, that the Patient Plaintiffs here are proceeding through a legal representative, or that they happened to

---

[1] Plaintiffs further argue that they should be permitted to proceed anonymously because some of these Patient Plaintiffs may have received medical care for "emergent conditions relating to substance abuse and/or behavioral health issues." Resp. ¶ 18. This is a red herring. First, Plaintiffs could have moved—but did not—for permission to proceed anonymously, but that would have required them to make a showing for every Plaintiff to meet the Fifth Circuit's standard for proceeding in that manner. Second, the TAC does not detail the specific medical circumstances of any of the Patient Plaintiffs, so simply identifying them by name does not reveal whether any of them—let alone which of them—may have sought treatment for substance abuse or behavioral conditions. Indeed, absent Plaintiffs' argument in the Response, no member of the public reading the TAC would have any idea that anyone visited Lonestar's freestanding emergency facility for substance abuse treatment or behavioral health treatment, both of which would be atypical for a freestanding emergency facility. And, even if seeking such treatment were automatically a sufficient basis to proceed anonymously, it would not apply to all of the other patients who did not seek substance abuse treatment or behavioral health treatment from Lonestar.

DEFENDANT'S REPLY IN SUPPORT OF THE
MOTION TO DISMISS PLAINTIFFS' THIRD AM. COMPLAINT                              Page 2

have chosen a healthcare provider as that representative.

Plaintiffs' second argument is that outside the four corners of the TAC, "BCBSTX knows exactly who the patients are" and therefore, Plaintiffs are excused from identifying themselves in the TAC. Resp. ¶ 17. Again, Plaintiffs cite no authority that excuses compliance with the Federal Rules' pleading requirements based on the assertion that the defendant can "figure it out." The Fifth Circuit has made clear that requiring plaintiffs to disclose their identities when they commence a lawsuit, "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Stegall*, 653 F.2d at 185. The same concerns are implicated with respect to this Court's judgments—it is necessary that the parties all be named so that those bound by such judgments are a matter of public record. So, whether BCBSTX could figure out the names of the Patient Plaintiffs using its "claims systems" is irrelevant to Plaintiffs' obligation to comply with Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a); *id.* 17(a); Resp. ¶ 19; s*ee also* Fed. R. Civ. P. 5.2.

### B. Lonestar and the Patient Plaintiffs Cannot Bring the Same Claims at the Same Time, Even in the Alternative

It is undisputed that Lonestar and the Patient Plaintiffs are attempting to bring the same exact claims at the same time.[2] Resp. ¶ 24. And Plaintiffs recognize that both Lonestar and the

---

[2] Lonestar argues that it has the right to bring claims "as an assignee of the plans" because "benefits were assigned by the Patients" to Lonestar. Resp. ¶ 24. However, the operative language excerpted in the TAC provides only that the patient "designate[]s, authorize[s], and convey[s] to the provider ("Lonestar")" the right to proceed "as my Authorized Representative." Resp. ¶ 29; TAC ¶ 42. Thus, it is not the case that, even if a theory of alternative standing were cognizable, Lonestar has adequately alleged that it has the right to bring claims in its own name as an assignee. Moreover, regardless of the interpretation of the language, Plaintiffs' TAC concedes that not every patient executed such a document and therefore the Court cannot ascertain from the TAC which claims belong, and which do not, in this Court. *See* TAC ¶42 (for each patient "who[se] admissions are made the basis of this lawsuit and **when able**, the [patient] . . . execute[d] a set of documents that included an assignment of benefits and a document appointing Lone Star as the patient's authorized personal representative." (emphasis added)). Alleging that patients executed assignments "when able," "in some instances," or "almost always" does not allege that Lonestar

Patient Plaintiffs cannot simultaneously possess the rights they are seeking to enforce. *Id*. However, Plaintiffs' argument is that at this stage of this case Lonestar and the Patient Plaintiffs can both assert the same claims, at the same time, even though only one actually has standing, based on a theory of pleading standing in the alternative. *Id.* As support for this novel concept, Plaintiffs rely exclusively on *Windmill Wellness Ranch, L.L.C. v. Blue Cross Blue Shield of Tex.*, No. SA-19-CV-01211-OLG, 2022 WL 18585976, at *2–3 (W.D. Tex. Aug. 26, 2022). Respectfully, the *Windmill* decision is inconsistent with controlling law and it would be an error to apply it to this case. While, in a different procedural posture, *Windmill* did allow identical claims to be advanced by two parties at once (even though acknowledging that only one could have Article III standing), the *Windmill* court incorrectly relied on *McAllen Grace Brethren Church v. Salazar*, 764 F.3d 465, 471 (5th Cir. 2014) to support its holding.

In *Salazar*, a multitude of plaintiffs brought suit against the Department of the Interior seeking a *declaratory judgment* that the Department's enforcement of the Migratory Bird Treaty Act and the Bald and Golden Eagle Protection Act violated the Free Exercise Clause and the Religious Freedom Restoration Act. *Id.* at 468 (emphasis added). There was a threshold question whether all plaintiffs possessed Article III standing to mount the challenge, but the Fifth Circuit correctly held that in cases for declaratory or injunctive relief regarding the viability of a statute, there need be only one plaintiff with standing for the Court to reach the merits. *Id.* at 468, 470–

---

received valid assignments from *all* patients. TAC ¶42; Resp. ¶ 27, n.1; *see Sky Toxicology, Ltd. v. UnitedHealthcare Ins. Co.*, No. 5-16-CV-01094-FB-RBF, 2018 WL 4211741, at *3 (W.D. Tex. Sept. 4, 2018) (collecting cases for the proposition that healthcare providers like Lonestar must plead it has received assignments from *all* patients whose claims are at issue). In the face of a Rule 12(b)(1) factual challenge such as this, Plaintiffs' obligation was to establish with evidence the jurisdictional bases for all of it claims. It is not sufficient to suggest, as Plaintiffs implicitly do, that the claims should proceed in the absence of such evidence and that later, in discovery, claims for which Lonestar lacks authorization to litigate can simply be dropped. That is not how jurisdiction works.

**DEFENDANT'S REPLY IN SUPPORT OF THE**
**MOTION TO DISMISS PLAINTIFFS' THIRD AM. COMPLAINT**                                                   Page 4

71. That is not the test under Article III in cases seeking relief from private parties, particularly monetary relief. *Salazar's* holding does not apply in such cases—like this one—and to extend *Salazar* to private litigation involving claims for money damages would run afoul of longstanding Supreme Court precedent that requires standing to be established for each plaintiff and each cause of action for relief asserted by that plaintiff. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (observing "standing is not dispensed in gross" and a plaintiff "must demonstrate standing for each claim that [he] press[es] and for each form of relief [he] seek[s]"). Indeed, in the very same year that *Salazar* was decided, the Fifth Circuit reaffirmed that every plaintiff must establish Article III standing for each form of relief sought. *See In re Deepwater Horizon*, 739 F.3d 790, 802–03 (5th Cir. 2014) (holding Article III satisfied because "**each one** of [the 15] named plaintiffs satisfies the elements of standing . . . [for] an award of monetary damages" (emphasis added)).

Plaintiffs agree that either Lonestar or the Patients Plaintiffs, but not both, possess the legal right to seek relief in this Court. Put simply, this Court would have to ignore controlling Supreme Court and Fifth Circuit precedent to allow Lonestar's and the Patients Plaintiffs' claims to go forward together based on a theory of alternative standing.

    C.    <u>Lonestar Independently Lacks Standing as to Tort Causes of Action</u>

In their Response, Plaintiffs argue that the language excerpted in the TAC expressly transferred to Lonestar the Patient Plaintiffs' tort causes of action (Counts III and IV). Resp. ¶ 29–30. However, the plain language that Lonestar relies on does not on its face purport to transfer any tort claims. The alleged "assignment" language only "convey[s]" to Lonestar, "the right and ability to act on [the patient's] behalf" as the patient's "Authorized Representative." Resp. ¶ 29; TAC ¶ 42. There is no manifest intention to transfer irrevocably any rights to Lonestar; if there were then the "on my behalf" and "as my Authorized Representative" language would be rendered meaningless. *See Pain Control Inst., Inc. v. GEICO Gen. Ins. Co.*, 447 S.W.3d 893, 898 (Tex.

App.—Dallas 2014, no pet.) ("An assignment is a manifestation by the owner of a right of that person's intention to transfer such right to the assignee. To recover on an assigned cause of action, the party claiming the assigned right must show that the cause of action being assigned existed and was assigned to the party alleging assignment occurred.").

Moreover, even if such a transfer were contemplated by the language alleged in the TAC, only those rights that the patient had at the time he/she executed the assignment would have been transferred to Lonestar. *See Settlement Cap. Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 557 (N.D. Tex. 2009) ("[A]n assignee takes only such title to the subject of the assignment as existed in the assignor at the time of the assignment."). Because Plaintiffs allege in the TAC that their negligent misrepresentation claim is based on statements made in explanations of benefits provided by BCBSTX *after* the alleged assignments were executed, TAC ¶ 98, any tort cause of action could not have accrued at the time of the assignment and would remain, if at all, solely with the patients.

Likewise, Plaintiffs argue that Lonestar has standing to bring a bad faith claim because "Lone Star is not suing in its capacity as a healthcare provider," but as an "assignee." Resp. ¶ 31. But, Texas courts, including the Texas Supreme Court earlier this year, have held that bad faith claims are personal to insureds and punitive—not remedial—and therefore non-assignable. *See Experience Infusion Ctrs., LLC v. Blue Cross & Blue Shield of Tex.*, No. CV H-19-5040, 2022 WL 1289342, at *2–3 (S.D. Tex. Apr. 29, 2022); *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 439 (Tex. 2023).[3]

    D. <u>Plaintiffs Have Not Presented Evidence to Overcome BCBSTX's 12(b)(1) Factual Attack</u>

Plaintiffs ignore that BCBSTX brought a 12(b)(1) factual attack with regard to claims

---

[3] Plaintiffs' reliance on *Gulf Insurance Co. v. Burns Motors, Inc.* is unavailing because it does not involve a bad faith cause of action, but rather indemnification for a DTPA claim against an insurance agent. 22 S.W.3d 417, 419 (Tex. 2000).

under the Employment Retirement System of Texas ("ERS"), Teacher Retirement System of Texas ("TRS"), and Federal Employee Program issued under the Federal Employee Benefits Act ("FEHBA")—which shifts the burden to Plaintiffs to come forward with evidence, not allegations, to support jurisdiction. Under a 12(b)(1) factual attack, the defendant may submit "affidavits, testimony, or other evidentiary materials," and the plaintiff is similarly required to submit facts proving standing. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Plaintiffs do not and cannot provide any facts to overcome BCBSTX's factual attack regarding claims related to the ERS, TRS, and FEHBA. *See* Mot. 13–19; *id.*, Declaration of Shelly Rainey, Exhibit A, ¶¶ 6–8. For that reason alone, the Court should grant BCBSTX's Motion.

Plaintiffs argue that "[u]ntil the actual plan documents are produced and reviewed, and it is determined with certainty which plans insure which members," the Court cannot dismiss claims related to ERS, TRS, and FEHBA. Resp. ¶¶ 33–34. As a threshold matter, Plaintiffs' argument ignores the fact that the Patient Plaintiffs know whether they were insured under ERS, TRS, or FEHBA plans and possess the plan documents on which they bring their claims. Therefore, any information necessary to confirm or rebut BCBSTX's Motion is, and has always been, available to the Patient Plaintiffs. As the caselaw makes clear, when a defendant brings a factual attack, "no presumptive truthfulness attaches to the plaintiffs' jurisdictional allegations," *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). Plaintiffs had an affirmative burden to contradict BCBSTX's evidence demonstrating Plaintiffs' lack of standing over the ERS, TRS, and FEHBA claims and Plaintiffs have failed to meet that burden. *See Paterson*, 644 F.2d at 523 (stating that under a 12(b)(1) factual attack, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction").

**II.      Plaintiffs' Response Does Not Remedy Their Failure to State a Claim**

      A.      <u>BCBSTX Does Not Misconstrue or Mischaracterize Plaintiffs' Claims</u>

It is not BCBSTX that misstates the allegations in the TAC. The TAC alleges—incorrectly—that Plaintiffs are entitled to reimbursement based on their unilaterally set charges ostensibly under Texas and federal law. TAC ¶¶ 17, 19, 24. The reason that Plaintiffs engage in this misdirection in their Response is because they have given this Court no authorities to rebut BCBSTX's argument and authorities holding: (1) that federal law (i.e., the Affordable Care Act)[4] does not require out-of-network emergency care reimbursement to be based on a "usual and customary rate" and (2) where Texas statutes use the term "usual and customary rate," they are referring to the *rate* established in the insurance policy itself, not healthcare providers' *charges*. *See* Mot. at 19–23.

      B.      <u>Plaintiffs' Response Does Not Save Their ERISA or Breach of Contract Claim Because Patient Plaintiffs Have Access to Their Health Care Plans</u>

Despite not identifying health plan provisions that allegedly entitle them to payment of the benefits based on Lonestar's charges, Plaintiffs argue, relying on *Innova*, that they have nonetheless adequately stated a claim for breach of contract and for violation of ERISA because Lonestar allegedly has "no way or means to obtain [the health plans] absent discovery being

---

[4] Plaintiffs also deliberately misstate BCBSTX's arguments—supported by the statutory and regulatory text—as it relates to whether federal law sets a minimum level of reimbursement for services provided by a freestanding emergency facility, like Plaintiff Lonestar, versus the emergency department of a licensed hospital. BCBSTX did not argue that "the ACA does not apply to FECs." Resp. ¶ 37. Rather, what BCBSTX argued with authority, and Plaintiffs have not rebutted (with authority) is that the ACA itself does not mandate a minimum level of reimbursement for any provider and while a particular regulation implementing parts of the ACA (i.e., the Greatest of Three Rule) does provide for a minimum level of reimbursement for certain kinds of emergency services, that regulation—by its plain text—only applies to services provided in a licensed hospital—which admittedly Lonestar is not. *See* Mot. at 21–23. Plaintiffs' concession that Lonestar is not a licensed hospital is the end of the inquiry; the argument that freestanding emergency facilities are capable of providing some—but admittedly not all—of the services furnished in a hospital cannot rewrite the regulation.

conducted." Resp. ¶ 40. This argument misreads *Innova* but more importantly the *Innova* exception on which Lonestar relies is not applicable when the patients themselves—who have access to their own insurance policies and health plans—are parties to the case.[5] *See Texienne Physicians Med. Assoc., PLLC v. Health Care Serv. Corp.*, No. 3:22-CV-591-G, 2023 WL 2799726, at *6 n.2 (N.D. Tex. Apr. 4, 2023).

This case, therefore, is plainly distinguishable from cases like *SC Shine PLLC v. Aetna Dental, Inc.* where the patients (who possess health plan information) were not parties to the case. No. SA-22-CV-0834-JKP, 2023 WL 4216989, at *4–6 (W.D. Tex. June 26, 2023). Lonestar's argument that BCBSTX is in exclusive possession of the health plans or policy documents is not only incorrect, but it is irrelevant here because the Patient Plaintiffs have access to their own health plans **and are parties**. Therefore, the limited exception to breach of contract and ERISA pleading requirements created by *Innova* is inapplicable here.[6] Plaintiffs reliance on *MedARC, LLC v. Anthem, Inc.* fails for the same reason; MedARC did not involve patient plaintiffs. No. 3:20-CV-3689-N-BH, 2021 WL 3477352, at *1 (N.D. Tex. July 9, 2021).

    C.    <u>Plaintiffs' Response Cannot Cure The Deficiencies In Their Tort Causes of Action</u>

Plaintiffs argue that they should not be held to the general rule that an insured may only recover for alleged bad faith "if the damages are truly independent of the insured's right to receive

---

[5] *Innova* limited the pleading exception to instances in which the health plans are "*peculiarly* within the possession and control of the defendant." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross and Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (emphasis added) (citing *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010)). That is not the case when patients themselves are parties to the action.

[6] *Innova's* exception to the rule is expressly limited to healthcare provider plaintiffs who alleged that they could not obtain, after alleging the specific efforts employed, access to the health plan documents necessary to plead the plan terms that could entitle them to additional benefits. *Innova*, 892 F.3d at 729–30.

policy benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018). Instead, Plaintiffs assert that they adequately state a claim under the entitled-to-benefits rule because Plaintiffs seek to recover policy benefits "through a bad faith claim as an alternative to the[ir] breach of contract claim." Resp. ¶ 47. But they miss the mark. The entitled-to-benefits rule does permit the recovery of policy benefits on a bad faith claim, but only if there is also an independent injury to support damages beyond policy benefits alone. *Menchaca,* 545 S.W.3d at 495–97. Thus, the entitled-to-benefits rule is a corollary, not an exception, to the general rule that a bad faith claim will not lie in the absence of an independent injury. *Id.* at 495 (describing the entitled-to-benefits rule, stating that "[t]his rule, a logical corollary to the general rule, is what we recognized in *Vail*"). Plaintiffs do not dispute that no such independent injury is alleged in the TAC; therefore Plaintiffs fail to state a claim for bad faith.

In their Response, Plaintiffs also argue that they have plausibly alleged a negligent misrepresentation claim but again fail to point to allegations of reliance, let alone justifiable reliance, by the Patient Plaintiffs. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 604 (N.D. Tex. 2014). The TAC alleges only how Lonestar purportedly acted upon receipt of BCBSTX's unidentified misrepresentations. *See* TAC ¶ 101 ("Lone Star (as assignees of the insureds' claims and Lone Star as the authorized representative) relied on BCBSTX's misrepresentations in attempting to determine coverage information for the Patients and expected appropriate reimbursement for the emergency services provided."). Not only does the TAC not allege what Lonestar's alleged reliance consisted of, and is therefore wholly conclusory, but it does not allege any reliance by any Patient Plaintiff.

Plaintiffs also fail to address, and therefore concede, BCBSTX's argument that "Plaintiffs' alleged misrepresentation damages are, in fact, the Patient Plaintiffs' alleged contract damages"

and therefore, "the economic loss rule forecloses any negligent misrepresentation claim." Mot. at 27.

Plaintiffs finally conceded that their tort claims are preempted with respect to those plans covered by ERISA[7]. Resp. ¶ 46. But, Plaintiffs argue that these claims should not be dismissed as to ERISA plans until the end of "discovery and review of the actual plans." *Id.* Plaintiffs provide no justification for the Court to abate an inevitable order that the bad faith and negligent misrepresentation causes of action are dismissed as to all claims arising under ERISA-governed health plans. See *Brushy Creek Family Hosp., LLC v. Blue Cross & Blue Shield of Tex.*, No. 1:22-CV-00464-RP, 2022 WL 6727278, at *5 (W.D. Tex. Oct. 11, 2022), *report and recommendation adopted sub nom. Brushy Creek Family Hosp., LLC v. Blue Cross & Blue Shield of Tex.*, No. 1:22-CV-464-RP, 2022 WL 17732683 (W.D. Tex. Nov. 15, 2022).

    D.    <u>Plaintiffs' Request for Declaratory Judgment Regarding the Texas Insurance Code and Affordable Care Act is Not Cognizable</u>

Plaintiffs' Response baselessly argues that the TAC's declaratory judgment count should survive because it does not seek a declaration with respect to the Texas Insurance Code or the ACA. Resp. ¶¶ 49–50. Plaintiffs' argument cannot be squared with the allegations in the TAC. Plaintiffs' declaratory judgment count details in paragraph after paragraph various Texas Insurance Code provisions and Affordable Care Act regulations that supposedly require certain minimum reimbursement for emergency services. TAC ¶¶ 104–109. Plaintiffs then sum up by plainly stating that "Plaintiffs seek a declaratory judgment from this Court determining their rights to reimbursement for services rendered ***at the usual and customary rate and in proper accordance***

---

[7] Plaintiffs invoked this Court's jurisdiction under ERISA, TAC ¶ 5, and bear the burden of pleading the existence of ERISA governed health plans. See *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir. 1990) (holding that establishing the existence of a plan within the contemplation of ERISA is a jurisdictional inquiry).

*with the above-mentioned statutes* and BCBSTX's own contractual obligations." TAC ¶ 110 (emphasis added). Lest there be any doubt, Plaintiffs' declaratory judgment count then concludes: "A declaratory judgment is proper when the question of construction of statutes is necessary to determine a party's rights and obligations. *In addition to determining BCBSTX's reimbursement requirements as set forth in the applicable statutes*, Plaintiffs also seek a declaratory judgment that damages, in an amount to be determined at a trial on the merits, is owed in addition to costs and attorneys' fees." *Id.* at ¶ 111 (emphasis added).

Plaintiffs do not dispute that there are no private rights of action to enforce these statutes and regulations. Nor do they rebut BCBSTX's authorities holding that courts cannot entertain declaratory judgment claims predicated on statutes that have no private right of action. Accordingly, because the TAC's declaratory judgment count clearly seeks relief under statutes that lack a private right of action, it must be dismissed.[8]

## CONCLUSION

For the foregoing reasons, BCBSTX respectfully requests that the Court grant Defendant's Motion to Dismiss (Dkt. 47) in full. BCBSTX further respectfully requests such further relief as to which it may be justly entitled.

---

[8] Plaintiffs argue that BCBSTX has previously made certain of these arguments in a similar case. Resp. ¶ 51. First, *Piney Woods* does not control this Court's consideration of the issues raised in BCBSTX's Motion. *See Piney Woods ER III, LLC v. Blue Cross and Blue Shield of Tex.*, No. 5:20-CV-00041-RWS, 2021 WL 7184947 (E.D. Tex. June 29, 2021). Second, the court's order in *Piney Woods* did not address many of the arguments presented here, including the standing deficiencies, nor did it consider the allegations of the TAC, which differ in many respects from those at issue in *Piney Woods*. *Id.*

Dated: July 14, 2023

        Respectfully Submitted,

        BY: */s/ Paige Holden Montgomery*
Paige Holden Montgomery
Texas Bar No. 24037131
pmontgomery@sidley.com
Natali Wyson
Texas Bar No. 24088689
nwyson@sidley.com
Claire Homsher
Texas Bar No. 24105899
chomsher@sidley.com
Mehzabin Lora Chowdhury
Texas Bar No. 24105600
lchowdhury@sidley.com
**SIDLEY AUSTIN LLP**
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 (facsimile)

Brian P. Kavanaugh
Texas Bar No. 24115132
bkavanaugh@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000
(312) 853-7036 (facsimile)

**COUNSEL FOR DEFENDANT BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure and this Court's CM/ECF filing system on July 14, 2023.

*/s/ Paige Holden Montgomery*
Paige Holden Montgomery