UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


LONE STAR 24 HR ER FACILITY,
LLC, and Patients J.H., et al.,

    *Plaintiffs*,

                                Case No.  SA-22-CV-01090-JKP

v.

BLUE CROSS AND BLUE SHIELD OF
TEXAS, A DIVISION OF HEALTH
CARE SERVICE CORPORATION;

    *Defendant*.


### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Blue Cross Blue Shield of Texas's (BCBSTX) Motion to Dismiss pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Federal Rule 12(b)(6) for failure to state a claim. *ECF Nos. 47,53*. Plaintiff Lone Star 24 Hr ER Facility (Lone Star)[1] responded. *ECF No. 52*. Upon consideration, the Motion shall be GRANTED IN PART and DENIED IN PART.

### Background

In the Third Amended Complaint, Lonestar asserts it is a privately-held company that operates a freestanding emergency care facility (FEC). Lonestar alleges FECs are required by state and federal law to treat any person who enters its facility seeking emergency care. Because Lonestar is out-of-network and has no contractual relationship with BCBSTX, these parties have

---

[1] Although the style of the case lists Lonestar and "patient J.H., et al" as plaintiffs, and Lonestar contends there are 882 patient plaintiffs, it appears Lonestar, alone, files this Response and pursues this action. In the Response, Lonestar continually refers to itself as the proponent of this Response to the Motion to Dismiss. For this reason, for the sake of brevity and simplicity, the Court will refer to Lonestar as Plaintiff.

no agreed rate of reimbursement for services it renders to patients insured by BCBSTX. In this specific situation, once Lonestar treats a patient with BCBSTX insurance, Lonestar alleges it must later accept the reimbursement payment BCBSTX provides. Lonestar asserts the Texas Administrative Code, 28 Tex. Admin. Code § 3.3708(b), provides when an out-of-network provider provides emergency services "the insurer must pay the claim, at a minimum, at the usual and customary charge for the service." In addition, the Texas Insurance Code requires insurers to reimburse out-of-network providers "at the usual and customary rate or at a rate agreed to by the parties and prohibits the insurer from reimbursing the provider "on a discounted fee basis for covered services."

Lonestar filed this action on behalf of itself and 882 patients insured by BCBSTX and treated at its facilities, alleging BCBSTX grossly underpaid Lonestar and often pays nothing at all. Lonestar alleges reimbursement rates paid by BCBSTX are less than a Medicare allowable, less than in-network rates for hospital ERs for the same services, and far less than FAIR Health data that is utilized and was adopted by the Texas Department of Insurance as a benchmark to determine appropriate payment for emergency care providers. For this reason, Lonestar contends BCBSTX's reimbursement for the claims subject to this lawsuit are not "fair and reasonable" or "usual and customary" reimbursement for the care provided to its insureds.

Lonestar asserts a cause of action for violation of the Employee Retirement Income Security Act (ERISA) § 502(a)(3) claim for recovery of benefits. Lonestar also asserts state law causes of action for breach of contract, bad faith insurance practices and negligent misrepresentation. Lonestar seeks declaratory relief determining its right to reimbursement for services rendered at the usual and customary rate.

2

Following four opportunities allowing Lonestar to amend its Complaint and a warning that this would be its last opportunity to amend, upon the filing of this Third Amended Complaint, BCBSTX filed this Motion to Dismiss pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction and Federal Rule 12(b)(6) for failure to state a claim. If a Federal Rule 12(b)(1) motion is filed in conjunction with another Federal Rule 12 motion, the Court will consider the jurisdictional challenge before addressing any other substantive challenge. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## I.      Motion to Dismiss Pursuant to Federal Rule 12(b)(1): Lack of Subject Matter Jurisdiction

### Legal Standard

Federal courts are courts of limited jurisdiction and possess "'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For that reason, a federal court must dismiss a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A motion filed under Federal Rule 12(b)(1) allows a party to challenge a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Federal Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161; *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

3

**Discussion**

**1.  Anonymous Plaintiffs**

BCBSTX contends the unnamed patient plaintiffs must be dismissed for lack of jurisdiction. In the Response, Lonestar contends the patient plaintiffs should be allowed to pursue the action anonymously to protect their health information or medical privacy, and BCBSTX has other means to determine their identity

To protect public access to the names of those who file suit in federal court and to maintain a presumption of openness of judicial proceedings, a party commencing a civil action must disclose his or her name in the complaint. Fed. R. Civ. P. 10(a); *see also Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712 (5th Cir. 1979). In addition, "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The federal rules provide no exception to this requirement of identification of parties; however, under certain special circumstances, courts allow plaintiffs to conceal their true identities to protect matters of utmost privacy and intimacy, for instance, in cases involving matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality, and the welfare rights of illegitimate children and abandoned families. *Wynne & Jaffe,* 599 F.2d at 712–13 (citations omitted); *Doe v. Bush*, No. SA: 04-CV-1186, 2005 WL 2708754, at *3 (W.D. Tex. Aug. 17, 2005), *report and recommendation adopted sub nom. Sims v. Bush*, 2005 WL 3337501.

To obtain exception to this general rule, plaintiffs must move for the Court's permission to proceed anonymously. *Wynne & Jaffe,* 599 F.2d at 712; *Doe v. Bush*, 2005 WL 2708754, at *3; *see also Nat'l Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam). Due to the highly protected public interest, failure to name a party denies a

court jurisdiction over that anonymous party. *Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000)(citing *National Commodity & Barter Ass'n,* 886 F.2d at 1245); *see also Doe v. Bush*, 2005 WL 2708754, at *5.

Neither Lonestar nor the individual patient plaintiffs filed a motion seeking leave for the individual plaintiffs to proceed anonymously using only their initials. Neither Lonestar nor the individual plaintiffs present any special circumstances that provide an exception to the require-ment that the patient plaintiffs disclose their name. Lonestar states only in the Response to the Motion to Dismiss that the use of initials is to protect the patient plaintiffs' health information or medical privacy, and BCBSTX has other means to determine their identity. This excuse does not fall within any court-created exception to the public-interest protections and requirements of Federal Rules 10 and 17 and runs counter to the public interest of these Federal Rules. *See Wynne & Jaffe,* 599 F.2d at 712–13. Under these facts, the individual plaintiffs need not reveal health information or facts of a highly personal nature.

Lonestar and all other plaintiffs were provided four total attempts to amend the Com-plaint to comply with the Federal Rules. Plaintiffs did not correct this jurisdictional matter and indicate in this Third Amended Complaint they will not identify the full names of the individual plaintiffs. *ECF No. 44, pp. 1-2*. For this reason, this Court lacks jurisdiction to adjudicate any claims brought by the 882 individual, unnamed plaintiffs. *See Loa-Herrera*, 231 F.3d at 991.

BCBSTX's Motion to Dismiss these unnamed individual plaintiffs for lack of jurisdiction will be granted. The Court will consider the remainder of the Motion to Dismiss solely with re-spect to causes of action asserted by Lonestar. Further, going forward, the style of this action shall reflect Lonestar as the sole plaintiff.

### 2. Lonestar

#### a. ERISA Causes of Action

BCBSTX contends Lonestar does not have standing to bring the ERISA cause of action because Lonestar does not allege it obtained an assignment of benefits from every insured patient. Instead, BCBSTX contends Lonestar concedes in its allegations that it did not obtain an assignment of benefits from some of the subject insured patients, and thus, it lacks standing to assert all causes of action against BCBSTX with regard to all alleged insured patients Lonestar treated. For this reason, BCBSTX contends Lonestar's ERISA cause of action must be dismissed for lack of jurisdiction.

Lonestar contends it provided sufficient allegations to establish standing to bring the causes of action asserted because it alleged each patient insured by BCBSTX and treated by it executed an assignment of benefits and a document appointing Lone Star as the patient's authorized personal representative. This assignment allows Lone Star to take all actions necessary to pursue administrative appeals and/or legal actions on behalf of the patient.

The standing doctrine defines and limits the role of the judiciary, and therefore, is a threshold inquiry to determination of jurisdiction. To determine a party's standing, a Court must analyze whether the party is entitled to have the court decide the merits of an asserted cause of action or particular issues asserted. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003). There are two origins of a plaintiff's standing: (1) constitutional standing based upon the case-and-controversy clause in Article III of the Constitution; and (2) prudential standing crafted by the courts. *McClure v. Ashcroft*, 335 F.3d at 408.

Here, BCBSTX challenges Lonestar's prudential standing, contending it lacks standing to assert a claim for benefits under ERISA, a statutory origin. *See Mem'l Hermann Health Sys. v.*

*Pennwell Corp. Med. & Vision Plan*, No. CV H-17-2364, 2017 WL 6561165, at *4 (S.D. Tex. Dec. 22, 2017). To hold prudential standing relates to whether: (1) a plaintiff's grievance falls within the zone of interests protected by the statute invoked, (2) the complaint raises a generalized grievance more properly addressed by the legislature, and (3) the plaintiff asserts his or her own legal rights and interests rather than the legal rights and interests of third parties. *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).[2]

The Court recognizes, and the parties do not dispute that this particular challenge to Lonestar's standing is a facial challenge because it may be determined solely upon examination of the face of the Third Amended Complaint. *See Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). A facial challenge requires the courts to "consider the allegations of the complaint as true." *Id*. Because BCBSTX presents only a facial challenge, the Court presumes the truthfulness of Lonestar's allegations and determines whether jurisdiction exists by examining the complaint alone. *See id*.

In the Third Amended Complaint, Lonestar alleges that as a standard practice, each patient, *when able*, executes a set of documents upon admission that includes the subject assignment of benefits and a document appointing Lonestar as the patient's authorized personal representative allowing Lonestar to pursue legal action on the patient's behalf. *ECF No. 44, pp. 26-27*. Lonestar quotes the language in the assignment of benefits as follows:

---

[2] "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795, n. 2 (5th Cir. 2011). Still, the Fifth Circuit holds "standing to bring an action founded on ERISA is a 'jurisdictional' matter," thereby subject to challenge through Federal Rule 12(b)(1). *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006); *Cell Sci. Sys. Corp. v. Louisiana Health Serv.*, 804 F. App'x 260, 262 (5th Cir. 2020). Based upon this jurisprudence, BCBSTX's Motion to Dismiss the ERISA causes of action based upon Lonestar's lack of standing will be analyzed under Federal Rule 12(b)(1). *See LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 353 (5th Cir. 2002); *Mem'l Hermann Health Sys.*, 2017 WL 6561165, at *4.

"I hereby designate, authorize, and convey to the provider ("Lone Star) to the full extent permissible by law and under any applicable insurance policy and/or employee health care benefit plan, as my Authorized Representative: 1) the right and ability to act on my behalf in connection with any claim, right, or cause of action that I may have under such insurance policy and/or benefit plan (2) the right and ability to act on my behalf to pursue such claim right or cause of action in connection with said insurance policy and/or benefit plan (including, but not limited to, the right to act on my behalf in respect to a benefit plan governed by the provisions of ERISA as provided in 29 C.F.R. 2560.503- 1(b) with respect to any healthcare expense incurred as a result of the services I received from the Provider, and to the extent permissible under the law, to claim on my behalf, such benefits, claims, or reimbursement, and any other applicable remedy, including fines.)"

*Id.*

Under Section 502(a) of ERISA, a participant or beneficiary may bring a civil action to recover benefits due to him under the terms of his plan or to enforce his rights under the terms of the plan. *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (quoting 29 U.S.C. § 1132(a)(1)(B)). Because a healthcare provider is not a statutorily designated ERISA beneficiary, it may obtain standing to enforce a beneficiary's insurance claim by showing it received assignments of rights from the patients for whom it seeks benefits. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005); *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 742 (5th Cir. 2015) (quoting *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015)). To withstand a standing challenge, this healthcare provider must simply allege it required all patients to execute an assignment of benefits prior to receiving healthcare services, and it had the right to enforce the terms of the subject insurance plans and recover the benefits due under the plans. *See, e.g., MedARC, LLC v. Cigna Behavioral Health of Tex.*, No. 3:20-CV-3687-N-BH, 2021 WL 3476810, at *4–6 (N.D. Tex. July 6, 2021), report and recommendation adopted, No. 3:20-CV-3687-N-BH, 2021 WL 3473270 (N.D. Tex. Aug. 6, 2021); *In-*

8

*nova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 599 (N.D. Tex. 2014); *Encompass Off. Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, No. 3:11-CV-02487-L, 2012 WL 3030376, at \*4 (N.D. Tex. July 25, 2012); *Rapid Tox Screen LLC v. Cigna Healthcare of Texas Inc.*, No. 3:15-CV-3632-B, 2017 WL 3658841, at \*5 (N.D. Tex. Aug. 24, 2017).

Upon review, Lonestar's allegations in the Third Amended Complaint are similar to those held sufficient by other courts in this circuit in similar litigation. *See id*. This Court finds the allegations in the Third Amended Complaint sufficient to withstand BCBSTX's facial attack to the Court's subject matter jurisdiction based upon lack of standing to sue for ERISA benefits under the plans. Consequently, BCBSTX's Motion to Dismiss for Lack of Subject Matter Jurisdiction based upon lack of prudential standing will be denied.

The Court admonishes BCBSTX for continually asserting this unsuccessful argument for dismissal. *See Innova Hosp. San Antonio*, 892 F.3d at 728–31. BCBSTX is cautioned to carefully consider any future assertion in any pending or new case, as it could be determined to be frivolous given the historical renunciations.

### b. **Bad Faith Insurance Practices**

BCBSTX moves to dismiss for lack of jurisdiction Lonestar's cause of action for bad faith insurance practices[3] asserting Lonestar lacks standing. BCBSTX argues, first, that the cause of action may not be assigned under Texas law. Second, BCBSTX argues the assignment language quoted by Lonestar does not assign any tort causes of action.

---

[3] Lonestar sued BCBSTX for bad faith insurance practices, or breach of good faith and fair dealing. *ECF No. 44, p. 46.*

Lonestar responds that the subject patients assigned to Lonestar the right to pursue all causes of action they had against BCBSTX, including this one, and the cause of action may be assigned.

A challenge to the jurisdiction is an appropriate vehicle for challenging a plaintiff's ability to establish constitutional or statutory standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)). However, "a plaintiff does not lack standing simply because some other legal principle may prevent it from prevailing on the merits". *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 440 (Tex. 2023)(quoting *Lujan*, 504 U.S. at 560); *see also New Hampshire Ins. Co. v. Dominguez*, No. 1:12-CV-107, 2017 WL 4516648, at *6 (S.D. Tex. June 26, 2017), aff'd, 739 Fed. Appx. 253 (5th Cir. 2018). "'[T]he failure of a cause of action does not automatically produce a failure of jurisdiction,' which is why a party loses *on the merits* when an arguable cause of action ultimately turns out not to exist." *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d at 440 (Tex. 2023)(*Lujan*, 504 U.S. at 560). As the *Molina* Court explained, a challenge to the jurisdiction is not the appropriate vehicle for BCBSTX to assert these arguments that pertain to another legal principle it alleges may prevent Lonestar from prevailing on the merits. *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d at 440. For this reason, these arguments fail on their face, and BCBSTX's Motion to Dismiss Lonestar's bad faith cause of action for lack of standing will be denied.

Next, to the extent BCBSTX may seek to infer these arguments may be addressed pursuant to Federal Rule 12(b)(6), its arguments also fail under this procedural vehicle. BCBSTX bases these arguments on the proposition that Texas caselaw prohibits the assignment of a good faith and fair dealing cause of action. BCBSTX cites several cases to support this proposition. However, the caselaw BCBSTX cites do not proscribe the assignment of a good faith and fair

dealing cause of action, nor stand for this proposition. Instead, the cited supporting caselaw pertain to different factual situations than here, and therefore do not apply. In *Molina*, the Texas Supreme Court held a cause of action for unfair settlement practices under Chapter 541 of the Insurance Code cannot be assigned. *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d at 440. This is not the same cause of action as a cause of action for breach of good faith and fair dealing. In *Experience Infusion*, a case factually similar to this one, a colleague court in the Southern District of Texas summarily dismissed this same cause of action stating, "[t]he law disfavors extending the duty of good faith and fair dealing to a third-party health care provider. Infusion is not owed a duty as the insured." *Experience Infusion Centers, LLC v. Blue Cross & Blue Shield of Tex.*, No. CV H-19-5040, 2022 WL 1289342, at *3 (S.D. Tex. Apr. 29, 2022). The Court cited a Fifth Circuit case, *Hux v. S. Methodist University*, 819 F.3d 776, 781 (5th Cir. 2016), which discussed the special relationship between an insured and insurer that gives rise to a tort duty of good faith and fair dealing; however, *Hux* did not hold this cause of action cannot be assigned. This cited supporting caselaw does not support dismissal of this cause of action on this basis at this stage of the litigation.

BCBSTX's second argument for dismissal on the substantive merits fails because the quoted language from the purported assignments that Lonestar recites in the Third Amended Complaint does, in fact, provide to Lonestar the right to act on the insured's behalf "in connection with any claim, right, or cause of action." Based upon this clear language, the patient insureds did assign all potential causes of action, including any torts such as this one.

For the reasons stated and based upon BCBSTX's particular arguments presented here, its Motion to Dismiss the bad-faith cause of action for lack of jurisdiction will be denied.

### c.   Negligent Misrepresentation

BCBSTX moves to dismiss Lonestar's cause of action for negligent misrepresentation, asserting Lonestar lacks standing because the assignment of ERISA benefits claims does not also assign "non-benefit rights."

As stated previously, a challenge to the jurisdiction is an improper vehicle to assert this argument, and BCBSTX's argument fails for this reason, alone. *See Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d at 440.

In addition, as explained, Lonestar recites in the Third Amended Complaint excerpt language from the subject assignments that it purports to assign "non-benefit rights." This language provides to Lonestar the right to act on the insured's behalf "in connection with any claim, right, or cause of action." BCBSTX does not object to or oppose the cited language. Based upon this clear language, the patient insureds did assign all potential causes of action, including any torts such as this one.

For these reasons, BCBSTX's Motion to Dismiss the negligent misrepresentation cause of action for lack of jurisdiction will be denied.

### d.   Preemption/Sovereign Immunity

BCBSTX contends the individual plaintiffs purport to assert causes of action "'in connection with claims for services provided to the patients as identified in Exhibit 1.'" BCBSTX contends the Court lacks jurisdiction over these causes of action as a matter of law "as a result of preemption and sovereign immunity."

12

This Court previously determined all individual patient plaintiffs shall be dismissed as a matter of law. Further, Exhibit 1 does not purport to assert any causes of action, nor is the spreadsheet contained in Exhibit 1 an appropriate vehicle to assert any cause of action.

For this reason, the Court cannot address this argument.


## II.     Motion to Dismiss Pursuant to Federal Rule 12(b)(6): Failure to State a Claim

To provide opposing parties fair notice of what the asserted claim is and the grounds up-on which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Com-plaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is lim-ited to the Complaint and any documents attached to the Motion to Dismiss referred to in the

Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

### a. Premised on Misstatements of Law

BCBSTX first contends Lonestar's Third Amended Complaint should be dismissed in its entirety because all of its causes of action are based upon "a fundamentally flawed legal foundation" that BCBSTX was required to reimburse Lonestar according to Texas and federal law at the "usual and customary rate." BCBSTX then presents lengthy argument regarding the meaning and basis for "usual and customary rate" and how this amount is calculated.

This Federal Rule 12(b)(6) Motion to Dismiss is not the appropriate vehicle to present this argument. BCBSTX presents no specific argument related to any specific cause of action, but instead argues simply "the Complaint in its entirety must be dismissed."

In analyzing this Motion to Dismiss under Federal Rule 12(b)(6), the Court's focus is not on whether Lonestar will ultimately prevail, but whether it should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. BCBSTX's argument does not show how Lonestar's Third Amended Complaint, on its face, shows a bar to relief, and support of this particular argument requires evidentiary support and review. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). This Court will not entertain argument pertaining to the substantive merits of a cause of action in this Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 563 n.8

For this reason, dismissal based upon this argument shall be denied.

14

### b.   ERISA/Breach of Contract

BCBSTX contends it is entitled to dismissal of the ERISA cause of action under Federal Rule 12(b)(6) because Lonestar failed to identify any parties to a contract or ERISA plan and any specific ERISA plans and failed to allege the specific provisions or terms of any ERISA policy that it allegedly breached. For this reason, BCBSTX contends Lonestar failed to inform it of the basis of the ERISA and breach of contract causes of action, and therefore, fails to state a claim upon which relief may be granted.

Lonestar contends its failure to provide specific plan details as part of its ERISA and breach of contract causes of action is the result of BCBSTX's refusal to turn over the plan or policy documents for Lonestar's review, and BCBSTX does not dispute this point. Accordingly, Lonestar asserts that it should be permitted to assert an ERISA benefits claim against BCBSTX without alleging specific details pertaining to the terms violated because those details are in BCBSTX's possession and have not been made available.

As a general rule, a plaintiff asserting ERISA cause of action "must provide the court with enough factual detail to determine whether the services were indeed covered services under the plan," and an ERISA plaintiff must plead "enough facts about an ERISA plan's provisions to ... give the defendant notice as to which provisions it allegedly breached." *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11–CV–2205, 2012 WL 5868249, at *2 (N.D. Tex. Nov. 20, 2012)(internal quotation marks and citations omitted); *Sky Toxicology, Ltd. v. UnitedHealthcare Ins. Co.*, No. 5:16-cv-01094, 2018 WL 4211741, at *4 (W.D. Tex. Sept. 4, 2018) (*recommendation adopted*, 2018 WL 7350950 (W.D. Tex. Dec. 27, 2018). However, in cases similar to this, and in cases in which BCBSTX is a defendant and engaged in the same obstructive behavior, the Fifth Circuit directs "ERISA plaintiffs should not be held to an excessively burden-

some pleading standard that requires them to identify particular plan provisions in ERISA con-

texts when it may be extremely difficult for them to access such plan provisions." *Innova Hosp.*

*San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d at 727–30 (cit-

ing *Electrostim Medical Services, Inc.*, 614 Fed. Appx. 731); *see also Infectious Disease Doc-*

*tors, P.A. v. Bluecross Blueshield of Tex.*, No. 3:13-CV-2920-L, 2015 WL 4992964, at *3–4

(N.D. Tex. Aug. 21, 2015); *Piney Woods ER III et al v. Blue Cross and Blue Shield of Tex.*, No.

5:20-CV-41 (E.D. Tex.)(case currently pending against BCBSTX with similar facts and causes

of action). The *Innova* Court reasoned that when discoverable information is in the control and

possession of a defendant, the plaintiff is relieved of the requirement to provide that information

in its complaint. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia,*

*Inc.*, 892 F.3d at 727-30. Following *Innova*, allegation of improper reimbursement based on rep-

resentative plan provisions may be sufficient to show plausibility of an ERISA cause of action to

survive a Federal Rule 12(b)(6) motion when a plaintiff asserts enough other factual allegations

to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *See id*.

  As in *Innova*, review of the Complaint reveals Lonestar fails to identify the terms or pro-

visions of the various ERISA-governed polices it alleges BCBSTX breached through its failure

to pay Lonestar "usual and customary" charges. However, Lonestar's Third Amended Complaint

contains more than mere conclusions. While Lonestar does not chronicle its attempts to obtain

the plan documents from BCBSTX, it does vaguely assert BCBSTX has not made the contracts

available. Further, as in *Innova*, Lonestar does allege, among other things: (1) it provided health

care services to patients insured by BCBSTX; (2) it is an out-of-network provider; (3) it verified

coverage with BCBSTX before providing services; (4) it received a valid assignment of benefits

from the patients; (5) it timely submitted claims to the Insurers for payment; (6) BCBSTX uni-

formly failed to pay the insurance claims according to the terms of the ERISA plan documents or

individual insurance policies; and (7) BCBSTX must pay out-of-network providers some version

of the "reasonable and customary" amount or the "usual, customary, and reasonable" amount.

These allegations, accepted as true and viewed in the light most favorable to Lonestar, are suffi-

cient to state a cause of action for ERISA plan benefits. *See id*.

The Court admonishes BCBSTX for continually asserting this argument for dismissal

knowing the principle established in *Innova* that when the discoverable information of the specif-

ic policy plans are in its sole control and possession, a plaintiff need not provide the specific

ERISA plans or allege the specific provisions or terms of any ERISA policy that it allegedly

breached. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*,

892 F.3d at 728–31. BCBSTX is cautioned to carefully consider any future assertion in any

pending or new case, as it could be determined to be frivolous given the numerous historical re-

nunciations.

### c.  Bad Faith

BCBSTX argues the bad faith cause of action should be dismissed for failure to state a

claim because Lonestar cannot establish two essential elements: special relationship between

these two parties and any injury independent from the claims for insurance benefits.

First, any lack of a "special relationship" between a plaintiff and defendant is irrelevant

when the plaintiff sues the defendant as an assignee of defendant's insureds. *Gilmour v. Blue

Cross & Blue Shield of Ala.*, No. 4:19-CV-160, 2020 WL 2813197, at *18 (E.D. Tex. May 29,

2020) (quoting *Gulf Ins. Co. v. Burns Motors, Inc*., 22 S.W.3d 417, 420 (Tex. 2000)). As an as-

signee, a plaintiff may stand in the shoes of the defendant's insured and assert the rights and claims the insureds, themselves, could assert, including a claim for bad faith. *Id.*

The Third Amended Complaint specifically alleges that BCBSTX's insureds assigned their rights under their insurance contracts to Lonestar when they received care. Because the patients treated by Lonestar undisputedly have a special relationship with BCBSTX, as their insurer, they would have the right to bring a bad faith claim for benefits wrongfully withheld under their policies. As the assignee of those benefits and rights, Lonestar is merely exercising that right here. This argument for dismissal fails.

Second, BCBSTX argues Lonestar's bad faith cause of action must be dismissed because Lonestar suffered no injury as an assignee independent from that suffered from the alleged breach of contract, and therefore, this cause of action is barred by Texas' "independent injury rule."

Generally, if the only injury to a plaintiff is an economic loss arising from the subject matter of a contract, then the plaintiff may only assert a cause of action in contract, not in tort. However, within the context of an insurance contract, Texas's independent injury rule defines the relationship between contractual and extra-contractual causes of action against insurers following a denial of policy benefits. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495-97 (Tex. 2018); *Garza v. Allstate Fire & Cas. Ins. Co.*, 466 F. Supp. 3d 705, 710 (S.D. Tex. 2020). "Suits brought for breach of contract are distinct from 'extracontractual' actions brought based on an insurance provider's common-law and statutory duties ..." *Id.* Generally, when a claim for insurance policy benefits is denied, an insured plaintiff often brings a cause of action against the insurer for breach of contract pursuant to the terms of the insurance policy *and* an extra-contractual cause of action arising from breach of a duty or obligation under the Texas Insur-

18

ance Code or another statute providing a cause of action, such as bad faith or unfair settlement practices. *Garza v. Allstate Fire & Cas. Ins. Co.*, 466 F. Supp. 3d at 710.

In *Menchaca*, the Texas Supreme Court explained there are two aspects to the independent-injury rule. *Menchaca*, 545 S.W.3d 499. The first is, even if it is found the insurance policy does not entitle the insured to receive benefits, if an insurer's statutory violation or breach of duty causes an injury independent of the contractual policy benefits, the insured may recover damages for that injury. *Id*. The second aspect of the independent-injury rule is that an insurer's statutory violation or breach of duty does not permit the insured to recover any damages beyond policy benefits, unless the insurer's conduct causes an injury distinct and independent from the loss of the contractual policy benefits. *Menchaca*, 545 S.W.3d 499; *Garza v. Allstate Fire & Cas. Ins. Co.*, 466 F. Supp.3d at 712. While recovery for a bad faith cause of action may be rare in the event the insurer is found to have rightfully denied an insurance claim, the possibility to assert such a such a cause of action does exist. *Menchaca*, 545 S.W.3d 495-99; *Garza v. Allstate Fire & Cas. Ins. Co.*, 466 F. Supp.3d at 712.

The Third Amended Complaint clearly shows Lonestar pursues a bad faith cause of action based on the patient insureds' entitlement to receive policy benefits under policies issued by BCBSTX and BCBSTX's wrongful withholding of these benefits. In this event, where Lonestar alleges policy benefits were wrongfully withheld, it sufficiently plead a bad faith cause of action under Texas law. See id. BCBSTX's argument that Lonestar cannot establish an independent injury is premature. Discovery and evidentiary support is necessary to develop this argument that pertains to the substantive merits of the cause of action.

For these reasons, BCBSTX's Motion to Dismiss Lonestar's bad faith cause of action based upon these arguments is DENIED.

### d. Negligent Misrepresentation

BCBSTX contends Lonestar's negligent misrepresentation cause of action should be dismissed because it failed to allege sufficient facts to support each of the core elements as they pertain to the patient plaintiffs. BCBSTX contends Lonestar cannot demonstrate justifiable reliance on its alleged misrepresentations concerning coverage because any alleged improper statements of coverage occurred after Lonestar rendered care to the insured patients.

Lonestar notes that it does not allege reliance on BCBSTX's misrepresentations regarding coverage in deciding whether to render care to insureds, as in similar previous cases filed against BCBSTX for the same alleged misconduct. Rather, Lonestar notes this cause of action is based upon BCBSTX's representations made when it attempted to obtain reimbursement for the services rendered, while standing in the place of the insured patients by assignment.

To establish a cause of action for negligent misrepresentation, a plaintiff must plead: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp.2d at 604. Essentially, a plaintiff must plead sufficient facts to support a claim the defendant made "an intentional statement that was made negligently, or without reasonable care, and that later proves to be false." *Grizzly Mountain Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282, 288 (S.D. Tex. 2008); *Aetna Cas. and Sur. Co. v. Metro. Baptist Church,* 967 F.Supp. 217, 223 (S.D.Tex. 1996). "[T]he 'false information' contemplated in a negligent misrepresentation case must be a misstatement of an existing fact rather than a promise

of future conduct." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp.2d at 604 (quoting *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex.App.-Amarillo 2007, no pet.)).

      While Federal Rule 8(a) does not require detailed factual allegations, a plaintiff must allege more than labels and conclusions and must plead enough facts to provide notice of its claims above the speculative level. *Jebaco, Inc. v. Harrah's Operating Co., Inc.,* 587 F.3d 314, 318 (5th Cir. 2009). Courts within the Fifth Circuit utilize a slightly different pleading requirement for a negligent misrepresentation cause of action, requiring a plaintiff to allege *specific* facts that, if proven, would show the elements of a claim for negligent misrepresentation. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp.2d at 604; *Borneo Energy Sendirian Berhad v. Sustainable Power Corp.,* 646 F.Supp.2d 860, 869 (S.D.Tex. 2009); *see also Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 723-24 (5th Cir. 2003);*Windmill Wellness Ranch, L.L.C. v. Blue Cross & Blue Shield of Tex*., No. SA-19-CV-01211-OLG, 2020 WL 7017739, at *11 (W.D. Tex. Apr. 22, 2020); *Encompass Office Sols., Inc. v. Ingenix, Inc*., 775 F.Supp. 2d 938, 957 (E.D. Tex. 2011) (all requiring heightened pleading under Federal Rule 9(b) when a plaintiff's "fraud and negligent misrepresentation claims are based on the same set of alleged facts.").

      Without guidance from the Fifth Circuit, this Court is reluctant to apply a hybrid-heightened pleading standard requiring pleading specific facts. Nevertheless, even under this hybrid standard, the Court finds Lonestar plausibly alleged a cause of action of negligent misrepresentation sufficient to survive BCBSTX's Motion to Dismiss.

      In the Third Amended Complaint, Lonestar alleges BCBSTX's misleading and convoluted reimbursement process is designed to delay, underpay or deny claims. Lonestar alleges

BCBSTX, as an insurer responsible for determining payment for services rendered, knowingly made misrepresentations and issued false and untrue remittance reports and explanations of benefits (EOBs), which clearly misstate the reasons for the under-reimbursement of the insurance claims. Lonestar asserts the scheme to provide incorrect EOBs leaves it to sort out how and from where to obtain the remaining owed balance. Lonestar alleges BCBSTX provides knowingly false justifications for underpaying claims, which Lonestar cannot appeal except to BCBSTX, itself. Lonestar contends these misrepresentations prevent it "from engaging in an actual and good faith appeals process necessary to obtain reimbursement at the usual and customary rate." These misrepresentations arose after the care was provided and harmed Lonestar by depriving it of the appropriate plan benefits to which it was entitled by assignment. Lonestar is further damaged as it must then determine how and where to obtain the remaining reimbursement that is owed under the plans. Lonestar pleaded that BCBSTX's misleading and systematic reimbursement processes and schemes are designed for the sole purpose of delaying payments or paying nothing at all for emergency medical care rendered to its insureds. Lonestar alleges BCBSTX provided knowingly false grounds and justifications for how the claims were processed and paid.

These allegations, taken as true, are sufficiently specific to plausibly allege a cause of action of negligent misrepresentation. Accordingly, BCBSTX's Motion to Dismiss Lonestar's negligent misrepresentation cause of action is DENIED.

### e. ERISA Preemption of Bad Faith and Negligent Misrepresentation Causes of Action

BCBSTX contends that "[t]o the extent [Lonestar's] tort causes of action include claims under ERISA-governed plans they must be dismissed because they are preempted by ERISA. Lonestar concedes "certain tort claims may be preempted by ERISA"; however, this may only be determined through discovery and review of the actual plans.

The Court agrees with Lonestar dismissal on this basis at this stage of the litigation is premature, and this Motion to Dismiss for Failure to State a Claim is an improper vehicle to raise this issue. BCBSTX's Motion to Dismiss based upon this argument will be denied.

### f.  Declaratory Judgment

BCBSTX contends Lonestar fails to state a claim for a declaratory judgment because it seeks to use the declaratory-judgment vehicle to assert a private action under the Texas Insurance Code and the Affordable Care Act. Because these statutes do not provide for private rights of action, BCBSTX seeks dismissal of the declaratory judgment.

Lonestar responds that it does not use declaratory judgment to pursue a proscribed private action under these statutes, but instead, seeks declaration of the meaning of "usual and customary rates" and application of other industry standards for reimbursement of medical care. This determination requires interpretation of these statutes for guidance. These statutes do not prohibit a private action to determine the declaratory-judgment requests.

Lonestar seeks a declaratory judgment "determining [its] rights to reimbursement for services rendered at the usual and customary rate and in proper accordance with the above-mentioned statutes and BCBSTX's own contractual obligations." and "that damages, in an amount to be determined at trial on the merits, is owed is addition to costs and attorneys' fees." *ECF No. No. 44, pars. 110-111.*

The plain reading of Lonestar's request for declaratory judgment dispels BCBSTX's argument on its face. Denial of dismissal on this argument is appropriate for this reason, alone. Further, BCBSTX's request for dismissal at this stage of the litigation is premature, and this Motion to Dismiss for Failure to State a Claim is an improper vehicle to raise this issue. BCBSTX's Motion to Dismiss based upon this argument will be denied.

For these reasons, BCBSTX's Motion to Dismiss Lonestar's declaratory judgment requests is DENIED.

## CONCLUSION

For the reasons stated, BCBSTX's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is directed to amend the style of this action to reflect Lonestar as the sole plaintiff.

It is so ORDERED.
SIGNED this 5th day of September, 2023.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE