UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LONE STAR 24 HR ER FACILITY, LLC,**

   *Plaintiff*,

**v.**

**BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION; AND  PREMERA BLUE CROSS,**

   *Defendants*.

Case No.  SA-22-CV-01090-JKP

**MEMORANDUM OPINION AND ORDER**

     Before the Court is Defendants' (Omnibus Defendants) joint Motion to Dismiss Counts IV and V of Plaintiff Lonestar 24HRER Management, LLC's (Lone Star) Fourth Amended Complaint. *ECF No. 158*. Lone Star did not respond to this Motion, and the deadline to do so passed on March 14, 2025. Upon consideration, the Omnibus Defendants' Motion to Dismiss is GRANTED. The negligent-misrepresentation and bad-faith causes of action and the requests for declaratory judgment are DISMISSED.

**Legal Standard**

**<u>Failure to Respond</u>**

     When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions to dismiss. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-

CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2.

**Motion to Dismiss**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network,*

*L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

Under the circumstances of this case, the Court will apply Local Rule 7(d)(2) which allows granting this dispositive motion as unopposed. However, the Court also reviewed the merits of the Omnibus Motion to Dismiss and determines dismissal on the substantive merits of the negligent-misrepresentation and bad-faith causes of action and the requests for declaratory judgment is also appropriate.

Review of the Petition in the light most favorable to Lone Star reveals Lone Star does not plead facts to establish any element of a negligent misrepresentation cause of action, including that any specific defendant supplied a "false statement."

Lone Star's requests for declaratory judgment in Count V are dismissed because the relief Lone Star seeks relates solely to past conduct and depends entirely on issues that the Court must resolve in connection with Lone Star's breach of contract and ERISA causes of action. To the extent Count V asks the Court to declare the meaning of certain Texas and federal regulations, the claim fails because neither regulation remains in effect.

While a more careful or detailed drafting might overcome the pleading deficiencies with regard to the negligent misrepresentation cause of action, the Court will not provide Lone Star another opportunity to amend. This is Lone Star's Fourth Amended Complaint and it has been admonished to provide its best pleading with this amendment. Consequently, this Court provided Lone Star ample opportunity to provide an amended pleading under "the policy of the federal rules." *See Hitt,* 561 F.2d at 608–09.

In the Omnibus Motion to Dismiss, Defendants indicate Lone Star's counsel represented to Defendants that Lone Star will voluntarily dismiss its cause of action of bad faith insurance practice, or breach of good faith and fair dealing, listed in Count III, and based upon this representation, the Omnibus Defendants did not move to dismiss Count III. By its lack of response, the Court concludes Lone Star concedes to this statement of its intent to dismiss the "bad faith" cause of action in Count III.

### Conclusion

The Court GRANTS the Defendants' Omnibus Motion to Dismiss (*ECF No. 158*) as unopposed. In addition, construing the facts as alleged in the light most favorable to Lone Star and in consideration of applicable law, the Omnibus Defendants' Motion to Dismiss is **GRANTED**. Lone Star's negligent-misrepresentation and bad faith causes of action in Counts III and IV and the requests for declaratory judgment in Count VI based upon the facts supporting this action are **DISMISSED WITH PREJUDICE**.

It is so ORDERED.
SIGNED this 26th day of March, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE