UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LONE STAR 24 HR ER FACILITY, LLC,**

   *Plaintiff*,

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION; AND PREMERA BLUE CROSS,**

   *Defendants*.

Case No. SA-22-CV-01090-JKP

**O R D E R**

Before the Court is the status of this matter.

On March 25, 2025, this Court held a status hearing, after which this Court entered an Order ("Status Hearing Order"). *ECF No. 162*. In the Status Hearing Order, this Court ordered the parties to confer and file a joint advisory on: (1) which claims referred to, and understood by all parties to be, "TDI claims" can be separated from this litigation; (2) an agreed mediator and mediation date to take place after April 21, 2025; and (3) an agreed trial date within the first two weeks of February 2026 for any remaining causes of action. *Id*. The parties filed a Joint Advisory Order. *ECF No. 165*. The Court will address the issues raised and remaining to be settled for the most efficient litigation of this action.

   1. **TDI Claims**

The Court and the parties agree that the TDI claims in this litigation are those claims asserted by Plaintiff Lone Star 24HR ER Management (Lone Star) in the matter styled *Lone Star*

*24HR ER Management LLC v. Blue Cross and Blue Shield of Texas*, Case No. 5:24-cv-01120-JKP-RBF (the Lone Star II case). The Lonestar II case involved causes of action asserted against Blue Cross Blue Shield of Texas (BCBSTX), only, and not any other defendant that appears in this instant suit (the Lone Star I case). This Court consolidated the Lonestar II case with this lead case, Lone Star I, on March 18, 2024. *ECF No. 68*. The parties agree the claims asserted against BCBSTX in Lonestar II are the "TDI claims".

In the Order entered March 18, 2024, consolidating Lonestar II to this Action (the "Consolidation Order"), the Court gave Lone Star an opportunity to amend the then-operative Third Amended Complaint in the lead action Lone Star I to clarify the causes of action and claims remaining. *ECF No. 68, p. 4*. Lone Star did not Amend the Third Amended Complaint.

On May 16, 2024, the Court entered an Order Requiring Joint Advisory, in which the Court directed the parties file a joint advisory addressing, in part, explanation of "which claims remain live, address any impact consolidation has or is expected to have on the case, and indicate whether a phase-two discovery-management conference is needed." *ECF No. 69*. On May 30, 2024, the parties filed their Joint Advisory. *ECF No. 70*. In the Joint Advisory, the parties stated they agreed that on March 14, 2024, Lone Star "voluntarily dismissed certain claims for coverage and/or benefits" under specific health plans. *Id.; see also ECF No. 67*. "As a result the claims that remain live in the case [(Lone Star I)] are those set forth in the attached Exhibit A. . . . This list does not include the sixteen claims [Lone Star] brought in a separate lawsuit that recently was consolidated with this case." Further, the parties agreed that "following the Court's March 18, 2024, consolidation order, [Lone Star] did not file an amended complaint as permitted therein, and thus [Lone Star's] Third Amended Complaint (*ECF No. 44*) remains the operative complaint in this action." *Id*. Thus, in this Joint Advisory, the parties agreed and represented to the

2

Court that the Third Amended Complaint remained as-is and did not include any TDI claims or other claims asserted in the Lonestar II case. Finally, Lone Star filed a Fourth Amended Complaint on September 12, 2024, attaching exhibits which represented its "claims at issue with respect to BCBSTX" and its "claims at issue with respect to the out-of-state Blue Card plans" *ECF No. 89*. The Lonestar II TDI claims do not appear on either list included as exhibits, nor are the Lone Star II TDI claims referenced in any way in the Fourth Amended Complaint.

Based upon this history and procedural posture, the Court concludes Lone Star did not amend its Third Amended Complaint in this action as permitted in the Court's Consolidation Order, and thereby, Lone Star abandoned any and all claims asserted in Lone Star II at that time. The Court gave Lone Star ample opportunity to pursue the Lonestar II TDI claims, yet Lone Star did not do so. Therefore, the Lonestar II TDI claims are not part of this action. Because the Lonestar II TDI claims are not part of this action, this Court need not sever them as discussed as a possibility in the March 25 status conference. The Fourth Amended Complaint remains the operative complaint in this action, and no further amendments will be allowed for any reason. *See ECF No.89*.

2. **Mediation**

At the March 25 Status Hearing, the Court asked whether the parties would be amenable to mediation with John DeGroote of DeGroote Partners or another mediator of their choice.

All parties indicate they are amenable to mediating with Mr. DeGroote, and he will be available in July or August. *ECF No. 175*. The parties are directed to schedule this mediation to reserve a date with Mr. DeGroote and must immediately advise the Court of the scheduled date. The parties shall file this Advisory on or before fourteen (14) days of the date of this Order. The

Court will resolve the pending Motions to Dismiss prior to the scheduled mediation in July or August.

3. **Trial Date**

The parties agree adjudication of the ERISA claims before any surviving breach of contract claims will streamline disputes between the parties. Therefore, bench trial of the ERISA claims is set for the week of February 2, 2026. Within fourteen (14) days of the date of this Order, the parties shall submit a Joint Advisory setting forth agreed, or competing, proposals for: (a) deadlines applicable to the ERISA bench trial, and (b) a schedule for any surviving breach of contract claims that runs in parallel with the ERISA claims so the breach of contract claims will be trial ready, if necessary, before the end of March 2026.

For clarity, the cases and claims raised therein, 5:24-CV-1447-FB and 5:24-CV-1448-XR, will not be consolidated with this action and will proceed independently from this action.

It is so ORDERED.
SIGNED this 21st day of April, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE