UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LONE STAR 24 HR ER FACILITY,
LLC,

    *Plaintiff*,

                                **Case No.  SA-22-CV-01090-JKP**

v.

BLUE CROSS AND BLUE SHIELD OF
TEXAS, A DIVISION OF HEALTH
CARE SERVICE CORPORATION;
AND  PREMERA BLUE CROSS, et al.,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Anthem Health Plans, Inc., Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., Anthem Insurance Companies, Inc., Anthem Health Plans of Kentucky, Inc., Healthy Alliance Life Insurance Company, Anthem Health Plans of New Hampshire, Inc., Community Insurance Company, Anthem Health Plans of Virginia, Inc., Blue Cross Blue Shield of Wisconsin, Rocky Mountain Hospital and Medical Service, Inc., Blue Cross of California, and Anthem Blue Cross Life and Health Insurance Company (collectively, the "Anthem Defendants" or "Anthem") Motion to Dismiss the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). *ECF Nos. 157, 188*. Plaintiff Lone Star 24 Hr ER Facility (Lone Star) responded. *ECF No. 180.* Upon consideration, the Motion to Dismiss shall be GRANTED IN PART and DENIED IN PART. To the extent Lone Star asserts a breach of contract cause of action against any Anthem Defendant, it failed to satisfy its burden to show this Court holds personal jurisdiction on the state-law breach of contract cause of action. To the ex-

tent Lone Star asserts a cause of action under ERISA against any Anthem Defendant, this cause of action remains. Lone Star shall not have an opportunity to amend the Fourth Amended Complaint pursuant to this Court's previous admonishments that no further amendments will be allowed because this Court provided Lone Star multiple opportunities to correct any insufficient pleading on all jurisdictional and substantive matters. *ECF No. 51 at p. 2*; *Mem. Op. and Order, ECF No. 56 at p. 3* (warning Lone Star that after allowing four opportunities to amend its Complaint, the Third Amended Complaint would be its last opportunity to amend).

## Factual Background

In the Fourth Amended Complaint, Lone Star asserts it is a privately-held company that operates a freestanding emergency care facility (FEC). Lone Star alleges FECs are required by state and federal law to treat any person who enters its facility seeking emergency care, regardless of insurance status or coverage. Because Lone Star, admittedly, has no contractual relationship with the health insurance provider BCBSTX, Lone Star is considered an "out-of-network" health provider under any health plan administered by BCBSTX. As an out-of-network provider, Lone Star has no agreed rate of reimbursement for services Lone Star renders to patients insured by BCBSTX. In this specific situation, once Lone Star treats a patient with BCBSTX insurance, Lone Star alleges it must later accept the reimbursement payment BCBSTX provides.

As part of its service to insureds, the Blue Cross and Blue Shield Association[1] operates the "BlueCard Program." If an insurer participates in the BlueCard Program as an Association Member, its' insureds may obtain medical care in states outside of their insurer's normal service area.  If this happens, the Blue Cross and Blue Shield entity in the state where the insured is

---

[1] The Blue Cross Blue Shield Association is a nonprofit organization that serves as the coordinating body for the Blue Cross Blue Shield insurance system. Under the insurance system, individual Blue Cross Blue Shield entities service insurers by region or state, for example BCBSTX services insureds residing in Texas.

treated, in this case, BCBSTX, processes the claims and arranges for billing to the insured's insurer, in this case, the Anthem Defendants. This way, the BlueCard Program enables insureds who hold insurance under any Blue Cross and Blue Shield plan to receive healthcare services wherever they might be.[2]

Lone Star filed this action on behalf of itself and patients treated at its facility who are insured by BCBSTX or an insurer that is a member of the BlueCard Program. Specific to this action, Lone Star asserts "[a]pproximately 882 patients who received emergency medical services at Lone Star were initially at issue in this lawsuit. . . . [and] Lone Star anticipates dismissing by agreement approximately 230 [medical] claims from this action due to the applicability of Texas' mandatory 'No Surprise Billing' law."[3] *ECF No. 89, Fourth Amended Complaint, p. 1 and fn. 1.* Lone Star alleges BCBSTX grossly underpaid Lone Star on these medical claims or paid nothing at all. Lone Star alleges the reimbursement rates paid by BCBSTX on these medical claims are less than a Medicare allowable, less than in-network rates for hospital ERs for the same services, and far less than FAIR Health data that is utilized and was adopted by the Texas Department of Insurance as a benchmark to determine appropriate payment for emergency care providers. For this reason, Lone Star contends BCBSTX's reimbursement for the medical claims subject to this

---

[2] How BlueCard Works (an example): If a patient insured by Anthem Health Plans of New Hampshire, a member of the BlueCard Program, travels to Texas, that insured can visit a doctor or hospital that participates with BCBSTX, the designated Blue Cross Blue Shield plan in Texas. The BlueCard Program ensures the claim is processed through the local BCBSTX network, but the benefits and coverage of the patient's New Hampshire plan are applied. BCBSA coordinates this process by maintaining a single electronic network for claims routing and reimbursement among its member plans in the BlueCard Program.

[3] The Court notes that the dates of Lone Star's service on the pertinent BCBS insureds' claims for insurance coverage range from January 2019 to August 2021. *See ECF No. 89, Fourth Amended Complaint, Exhs. A,B*. These are the only insurance claims pertinent to this lawsuit.

lawsuit are not "fair and reasonable" or "usual and customary" reimbursement for the care provided to its insureds.[4]

Based upon these allegations, Lone Star asserts a cause of action for violation of the Employee Retirement Income Security Act (ERISA) § 502(a)(3) for recovery of compensation for health services rendered to an insured who holds a plan by BCBSTX or an insurer that is a member of the BlueCard Program. Lone Star also asserts a state law cause of action for breach of contract. Anthem, a collection of out of state insurers that are members of the BlueCard Program, now moves to dismiss both causes of action as asserted against each of the Anthem collective entities for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## Legal Standard

When a nonresident defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and the court does not hold an evidentiary hearing, the plaintiff bears the burden of presenting a prima facie case that the Court holds personal jurisdiction over the challenging defendant. *Luv n'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). Once the plaintiff makes a prima facie showing of personal jurisdiction over the challenging defendant, the burden shifts to the defendant to demonstrate that exercising personal jurisdiction would be so unfair and unreasonable as to violate due process. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

---

[4] Lone Star asserts the Texas Administrative Code, 28 Tex. Admin. Code § 3.3708(b), provides when an out-of-network health provider administers emergency services "the insurer must pay the claim, at a minimum, at the usual and customary charge for the service." In addition, the Texas Insurance Code requires insurers to reimburse out-of-network providers "at the usual and customary rate or at a rate agreed to by the parties and prohibits the insurer from reimbursing the provider "on a discounted fee basis for covered services." Lone Star asserts federal law requires insurers to reimburse out-of-network providers at the greater of: (1) the amount negotiated with in-network providers for the emergency service furnished; (2) the usual, customary, and reasonable amount); or (3) the amount that would be paid under Medicare (part A or part B of title XVII of the Social Security Act, 42 U.S.C. 1395 et seq.) for the emergency service. ECF 89, pp. 28-29 (citing 26 C.F.R. § 54.9815-2719AT(b)(3); 29 C.F.R. § 2590.715-2719A(b)(3); 45 C.F.R. § 147.138(b)(3)).

Federal courts sitting in diversity must first determine whether the forum state's long arm statute permits exercise of jurisdiction, and if so, then determine whether such exercise comports with due process. *Delgado v. Reef Resort Ltd.,* 364 F.3d 642, 644 (5th Cir. 2004); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999). Because the Texas long-arm statute confers jurisdiction to the limits of due process, the plaintiff's prima facie burden is to show the nonresident defendant purposefully established minimum contacts with Texas such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To do so, a defendant's "minimum contacts" with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg,* 754 F.2d 542, 545 (5th Cir. 1985); *Willis v. Vericel Corp.*, No. SA-23-CV-00044, 2023 WL 2993027, at *3 (W.D. Tex. Apr. 14, 2023). There are two theories under which a court analyzes a defendant's minimum contacts with the forum state: general and specific jurisdiction. *Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001). Analysis under general jurisdiction focuses only on whether there are continuous and systematic contacts between the defendant and the forum, regardless of the cause of action. General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). To confer

5

general jurisdiction, a defendant must have a business presence in the forum state. *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999).

Analysis of specific jurisdiction focuses on the cause of action, the defendant, and the forum. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Courts conduct a three-step analysis to evaluate the existence of specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; and (2) whether the plaintiff's cause of action arises out of or results from defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The purposeful requirement "prevents jurisdiction from arising from mere 'random, fortuitous, or attenuated contacts, or from the unilateral activity of another party or a third person.'" *Special Indus. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 328 (5th Cir. 2014) (quoting *Burger King*, 471 U.S. at 475). If a plaintiff establishes the first two elements of this test, the burden then shifts to the defendant to show the third element: exercising jurisdiction would be unreasonable, meaning it would offend traditional notions of fair play and substantial justice. *McFadin*, 587 F.3d at 759; *see also Luv N'care,* 438 F.3d at 473.

In making this determination, the court must accept as true all uncontroverted allegations in the Complaint and must resolve all factual disputes in favor of the plaintiff. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 869 (5th Cir. 2000); *Turner v. Harvard MedTech of Nevada, LLC*, 620 F.Supp.3d 569, 573 (W.D. Tex. 2022). The Court may also consider affidavits or other materials outside the Complaint. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). However,

the Court need not accept any conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power,* 253 F.3d 865, 868 (5th Cir. 2001). The Court must determine first whether it holds personal jurisdiction over a challenging defendant before making any decision as to the merits of the plaintiff's case against that defendant. *Id.* (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)).

## Discussion

Anthem contends this Court lacks personal jurisdiction for several related reasons. First, Anthem contends Lone Star "fails to explain which claims against Anthem seek recovery of benefits from ERISA plans and which from non-ERISA plans. This is an important issue that must be resolved now as this Court cannot properly exercise [personal] jurisdiction over Anthem for claims for non-ERISA plans as the Anthem Defendants are non-Texas companies with their principal place of business not in Texas."[5] *ECF No. 157, p. 2.* Specifically, Anthem contends "[b]ecause Lone Star cannot plead facts sufficient to establish general or specific jurisdiction over the Anthem Defendants as to any state law claim, this case should be dismissed." *Id.* Anthem also contends Lone Star "fails to specify which underlying medical claims are or are not governed by ERISA. This is pertinent to the personal jurisdiction analysis because, while ERISA allows for nationwide jurisdiction (29 U.S.C. § 1132(e)), personal jurisdiction must be alleged and established as to any state law claim [cause of action]." *Id. at pp. 2,4.*

---

[5] ERISA applies to any "employee benefit plan" established or maintained by any private-sector employer. 29 USC § 1003(a); *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Blue Shield of California, Inc, Keenan*, No. SA-23-CV-01414, 2025 WL 967557, at *3 (W.D. Tex. Mar. 3, 2025), Report and Recommendation adopted, 2025 WL 971755 (W.D. Tex. Mar. 25, 2025). Those health benefit plans offered by a government-sector or public-sector employer are exempt from ERISA. *Id.* Thus, based upon the arguments presented, the Court must presume Anthem's monikers "ERISA plans", ERISA claims", "non-ERISA plans," and "non-ERISA claims" mean those underlying medical claims arising from health benefit plans which are governed by ERISA and those underlying medical claims arising from health benefit plans that are exempt from ERISA, and therefore, upon which Lone Star asserts a state law breach of contract cause of action.

Due to the different uses of the term "claim" and the varying requests for dismissal, the Court interprets Anthem's arguments to be two-fold: (1) this Court lacks personal jurisdiction over Anthem because Lone Star fails to differentiate the underlying medical claims of BCBS patients between those that arise from insurance plans governed by ERISA from the underlying medical claims arising from plans exempt from ERISA, that is those on which Lone Star asserts only a breach of contract cause of action; and (2) with regard to the medical claims arising from plans exempt from ERISA, and on which Lone Star asserts only a breach of contract cause of action ("non-ERISA plans") Lone Star fails to satisfy its burden to show this Court holds personal jurisdiction because it cannot establish Anthem engaged in the minimum contacts necessary for specific personal jurisdiction or general personal jurisdiction. *See id. at pp. 2,4-5,7.*

First, to clarify the arguments and this Court's focus, Anthem admits ERISA provides for nationwide personal jurisdiction over any defendant. *Id. at p. 4 (citing 29 U.S.C. § 1132(e)).* Therefore, to the extent Lone Star asserts an ERISA cause of action on all or any of the underlying medical claims upon which this action rests, this Court holds personal jurisdiction over Anthem on the ERISA cause of action. *See id.* This Court will not "dismiss the case" against Anthem because this Court does hold jurisdiction to adjudicate any ERISA cause of action asserted on the underlying medical claims arising from plans governed by ERISA.

To the extent Anthem argues this Court must dismiss this case for lack of personal jurisdiction because Lone Star does not differentiate the medical claims arising under a plan governed by ERISA from those arising from a plan exempt from ERISA, this argument fails in the context of this jurisdictional challenge. While the Court recognizes it cannot hold jurisdiction over a state law breach of contract cause of action on which Lone Star fails to show the required minimum contacts, any deficiency here is in pleading and is not ground for a jurisdictional dismissal or

complete dismissal of any ERISA cause of action. To the extent Lone Star argues this Court must dismiss the breach of contract cause of action for lack of personal jurisdiction, this argument is addressed below. This Court may determine jurisdiction on the breach of contract cause of action without specific disclosure of the underlying medical claims that arise from an insurance plan exempt from ERISA.

Therefore, the Court's focus in this Motion to Dismiss for lack of personal jurisdiction is limited to any medical claims arising from plans exempt from ERISA and on which Lone Star asserts only a breach of contract cause of action ("non-ERISA plans"). This Court must determine whether Lone Star satisfied its burden to show Anthem engaged in the minimum contacts necessary for specific personal jurisdiction or general personal jurisdiction on these medical claims, only.

In evaluating personal jurisdiction, this Court accepts the following undisputed allegations in the Fourth Amended Complaint as true: all Anthem defendants are incorporated under the laws of states outside of Texas and maintain their principal places of business outside of Texas. None of the Anthem Defendants maintain a regular place of business in Texas and do not have a designated agent for service of process. Every Anthem Defendant is a member of the BlueCard Program. BCBSTX is a licensee of the Blue Cross and Blue Shield Association and is licensed to offer Blue Cross and Blue Shield branded health insurance plans in Texas.

Lone Star argues this Court has both general and specific personal jurisdiction over Anthem because it conducts substantial business in Texas by insuring and administering health plans and policies that cover Texas residents and because a substantial part of the events or omissions giving rise to Lone Star's breach of contract cause of action occurred here. Specifically, Lonestar contends the requirement of the minimum contacts necessary for both general jurisdic-

tion and specific jurisdiction is satisfied by the Anthem Defendants' participation in the Blue-Card Program

**General Jurisdiction**

General jurisdiction permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the conduct at issue in the underlying suit. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). General jurisdiction exists only when a defendant's contacts with the forum state are "so continuous and systematic as to render [it] essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). Only in exceptional cases will an out-of-state corporation be deemed to have contacts with the forum state that are "so substantial and of such a nature as to render the corporation at home" in that forum. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 338 (5th Cir. 2020) (quoting *Daimler AG*, 571 U.S. at 139 n.19.

Lone Star provides no allegations in the Fourth Amended Complaint that any of the Anthem Defendants' contacts with the forum state are substantial, continuous and systematic or that any Anthem Defendant is "at home" in Texas. Lone Star generally implies Anthem's participation in the BlueCard Program constitutes enough contact with Texas to render them subject to jurisdiction here.

Review of the factual and jurisdictional allegations in the Fourth Amended Complaint reveals Lone Star fails to establish Anthem is subject to the general jurisdiction of Texas. In response to the jurisdiction challenge based upon general jurisdiction, Lone Star provides the Court no direction to allegations that satisfy the requirement that Anthem's contacts with Texas are "so substantial and of such a nature as to render any of them "at home" in Texas. As explained be-

low, Anthem's participation in the BlueCard Program is not sufficient to satisfy this requirement or establish an exceptional case.

**Specific Jurisdiction**

If a defendant's contacts are not sufficient to establish general jurisdiction, a court may still exercise specific personal jurisdiction if (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to defendant's contacts. *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010). The touchstone of either inquiry is whether the defendant purposefully availed itself of the benefits of the forum state. The Court must examine whether the defendant's conduct forms the necessary connection with the forum state. *Walden*, 571 U.S. at 284–85; *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Blue Shield of California, Inc, Keenan*, No. SA-23-CV-01414-OLG, 2025 WL 967557, at *9 (W.D. Tex. Mar. 3, 2025), report and recommendation adopted, 2025 WL 971755 (W.D. Tex. Mar. 25, 2025).

In response to Anthem's jurisdiction challenge, Lone Star responds that the Anthem Defendants purposefully availed themselves to specific personal jurisdiction in Texas through their participation in the BlueCard Program and by facilitating healthcare services to their insureds at LoneStar's Texas facility. *See ECF No. 180, pp. 5-9*; *see also Fourth Amended Complaint, ECF no. 89, pars. 46, 50-52*. Lone Star contends the Anthem Defendants actively engaged with Texas providers by verifying coverage, approving services, and processing claims for services rendered in Texas.

To answer the question whether this Court holds specific jurisdiction for the reasons provided by Lone Star, this Court finds persuasive guidance in a similar case based upon similar factual circumstance and causes of action and argument, *St. Luke's Episcopal Hosp. v. La. Health Serv. & Indem. Co.*, No. CIV.A. H-08-1870, 2009 WL 47125, at *8 (S.D. Tex. Jan. 6, 2009). In *St. Luke's*, the district court found Blue Cross Blue Shield of Louisiana did not subject itself to the specific personal jurisdiction of Texas courts by authorizing treatment in Texas, tendering partial payment for medical services in Texas, or participating in the same "Blue Card Program" referenced in Lone Star's Fourth Amended Complaint. *Id.* at *2. The *St. Luke's* court held "merely providing out-of-state health coverage to insureds does not subject an insurer to personal jurisdiction in every foreign state in which an insured happens to obtain medical services." *Id. at *8* (citing *Perez v. Pan Am. Life Ins. Co.*, 96 F.3d 1442, 1996 WL 511748, at *2 (5th Cir. Aug. 20, 1996)).

Citing *St. Luke's*, the Fifth Circuit rejected the argument that authorizing out-of-state health care treatment and partially paying a bill for that treatment gives rise to specific jurisdiction. *Choice Healthcare*, 615 F.3d at 369. Going further with respect to the BlueCard Program, the Fifth Circuit held that joining a national organization allowing for coverage and processing in member states did not give rise to a Texas contract or a substantial connection to Texas and was not purposeful availment of the benefits of the forum state. *Id.* at pp. 371–72; *see also Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.*, 2025 WL 967557, at *10.

Based upon this specific guidance, this Court concludes it does not hold specific jurisdiction over the Anthem Defendants based solely upon their participation in the BlueCard Program or by facilitation of healthcare services to their insureds at LoneStar's Texas facility. Conse-

quently, Anthem's Motion to Dismiss the breach of contract cause of action for lack of specific personal jurisdiction against any Anthem Defendant will be granted.

**Pendent Jurisdiction**

Anthem contends that even if this Court finds it lacks specific jurisdiction on the breach of contract cause of action, the Court may exercise pendent personal jurisdiction because the breach of contract cause of action related to the insurance plans exempt from ERISA arise from a common nucleus of operative facts with the ERISA cause of action related to the insurance plans governed by ERISA, over which jurisdiction is undisputed. *Canyon Furniture Co. v. Rueda Sanchez*, No. SA-18-CV-00753, 2018 WL 6265041, at *13 (W.D. Tex. Nov. 8, 2018). Lone Star contends the ERISA cause of action and the breach of contract cause of action both concern the Anthem Defendants' failure to reimburse LoneStar for services it provided to Anthem insureds, and litigation of these causes of action involve overlapping facts, including the same patients, services, and payment disputes. *ECF No. 180, pp. 9-10; see also ECF No. 89, pars. 93-100*. For this reason, this Court's exercise of pendent jurisdiction promotes judicial economy and avoids piecemeal litigation.

"[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Abira Med. Labs., LLC v. Blue Cross & Blue Shield of Tex.*, No. 4:24-CV-481, 2024 WL 5269202, at *2 (S.D. Tex. May 17, 2024).

The Court finds exercise of discretionary pendent jurisdiction is not appropriate under these facts. The fact that the medical claims arising from plans governed by ERISA and the med-

ical claims upon which Lone Star asserts a breach of contract all involve the same insurance provider does not establish a common nucleus of operative fact. Although the allegations pertaining to each medical claim are the same, these subject medical claims all involve individual and different patients and concern different insurance plans. The ERISA cause of action and the breach of contract cause of action implicate different legal standards, different discovery, would proceed under different procedural tracks, as the ERISA cause of action must be adjudicated by bench trial. The convenience provided to Lonestar is insufficient to confer pendent jurisdiction over the breach of contract cause of action.

### Whether Amendment or Jurisdiction Discovery Should be Allowed

Alternatively, if the Court finds the jurisdictional allegations insufficient, LoneStar requests leave to conduct jurisdictional discovery and amend the Fourth Amended Complaint to cure any deficiencies, including correction of the misnomer of any proper party.

This Court's prior warnings and admonishment to Lone Star that it would not allow any more amendments of the Complaint preclude any refinement or amendment to cure any jurisdictional pleading deficiency pertaining to the Anthem Defendants. *See ECF Nos. 51, 56*. This Court already provided Lone Star ample opportunity to refine its arguments and to substantiate and support its assertion of personal jurisdiction over the Anthem Defendants. Given the delay in litigation that LoneStar's previous amendments to the Complaint caused, any further amendment would unfairly delay meaningful and intentional adjudication of this case. Consequently, the Court denies Lone Star's request to conduct jurisdictional discovery and amend the Complaint again.

### Conclusion

For the foregoing reasons, Anthem's Motion to Dismiss for lack of jurisdiction is **GRANTED IN PART and DENIED IN PART**. The Motion to Dismiss the breach of contract cause of action as it is asserted against any Anthem Defendant is **GRANTED**. To the extent Anthem seeks dismissal "of this case" or dismissal of the ERISA cause of action as it is asserted against any Anthem Defendant, the Motion to Dismiss is **DENIED**. The ERISA cause of action remains. No further amendment of the Fourth Amended Complaint will be allowed. For the facilitation of meaningful mediation scheduled for July 30, 2025, **on or before July 15, 2025**, Lone Star shall provide Anthem a list of the medical claims upon which this litigation rests which arise from Lone Star's treatment of an insured holding an Anthem insurance plan that is governed by ERISA and, accordingly, on which it asserts an ERISA cause of action. Failure to provide this list to Anthem by this date, will be deemed as an abandonment of this ERISA cause of action as it pertains to any Anthem defendant.

It is so ORDERED.
SIGNED this 2nd day of July, 2025.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE