UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LONE STAR 24 HR ER FACILITY, LLC,**

   *Plaintiff*,

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION; AND PREMERA BLUE CROSS, et al.,**

   *Defendants*.

Case No. SA-22-CV-01090-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue, Blue Cross and Blue Shield of Mississippi, A Mutual Insurance Company, Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of South Carolina, Blue Cross Blue Shield of Vermont, and Its Subsidiary CBA Blue Vermont, Blue Cross of Idaho Health Service, Inc., Capital Blue Cross, Excellus Bluecross Blueshield, Highmark Western and Northeastern New York, Inc, Highmark, Inc., Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, Regence Blue Cross Blue Shield of Oregon, Regence Blueshield, Usable Mutual Insurance Company d/b/a Blue Advantage Administrators of Arkansas d/b/a Arkansas Blue Cross and Blue Shield, and Wellmark Health Plan of Iowa, Inc., incorrectly named as "Wellmark of Iowa" (collectively, the "JW Defendants") Supplemental Partial Motion to Dismiss the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). *ECF Nos. 154, 190*. Plaintiff Lone Star 24 Hr ER Facility (Lone Star) responded. *ECF*

*No. 177*. Upon consideration, the Partial Motion to Dismiss shall be **GRANTED**. To the extent Lone Star asserts a breach of contract cause of action against any JW Defendant, it failed to satisfy its burden to show this Court holds personal jurisdiction on this cause of action. To the extent Lone Star asserts a cause of action under ERISA against any JW Defendant, this cause of action remains.

## Factual Background

In the Fourth Amended Complaint, Lone Star asserts it is a privately-held company that operates a freestanding emergency care facility (FEC). Lone Star alleges FECs are required by state and federal law to treat any person who enters its facility seeking emergency care, regardless of insurance status or coverage. Because Lone Star, admittedly, has no contractual relationship with the health insurance provider BCBSTX, Lone Star is considered an "out-of-network" health provider under any health plan administered by BCBSTX. As an out-of-network provider, Lone Star has no agreed rate of reimbursement for services Lone Star renders to patients insured by BCBSTX. In this specific situation, once Lone Star treats a patient with BCBSTX insurance, Lone Star alleges it must later accept the reimbursement payment BCBSTX provides.

As part of its service to insureds, the Blue Cross and Blue Shield Association[1] operates the "BlueCard Program." If an insurer participates in the BlueCard Program as an Association Member, its' insureds may obtain medical care in states outside of their insurer's normal service area. If this happens, the Blue Cross and Blue Shield entity in the state where the insured is treated, in this case, BCBSTX, processes the claims and arranges for billing to the insured's insurer, in this case, the Anthem Defendants. This way, the BlueCard Program enables insureds

---

[1] The Blue Cross Blue Shield Association is a nonprofit organization that serves as the coordinating body for the Blue Cross Blue Shield insurance system. Under the insurance system, individual Blue Cross Blue Shield entities service insurers by region or state, for example BCBSTX services insureds residing in Texas.

who hold insurance under any Blue Cross and Blue Shield plan to receive healthcare services wherever they might be.

Lone Star filed this action on behalf of itself and patients treated at its facility who are insured by BCBSTX or an insurer that is a member of the BlueCard Program. Specific to this action, Lone Star asserts "[a]pproximately 882 patients who received emergency medical services at Lone Star were initially at issue in this lawsuit. . . . [and] Lone Star anticipates dismissing by agreement approximately 230 [medical] claims from this action due to the applicability of Texas' mandatory 'No Surprise Billing' law." [2] *ECF No. 89, Fourth Amended Complaint, p. 1, fn. 1*. Lone Star alleges BCBSTX grossly underpaid Lone Star on these medical claims or paid nothing at all. Lone Star alleges the reimbursement rates paid by BCBSTX on these medical claims are less than a Medicare allowable, less than in-network rates for hospital ERs for the same services, and far less than FAIR Health data that is utilized and was adopted by the Texas Department of Insurance as a benchmark to determine appropriate payment for emergency care providers. For this reason, Lone Star contends BCBSTX's reimbursement for the medical claims subject to this lawsuit are not "fair and reasonable" or "usual and customary" reimbursement for the care provided to its insureds.[3]

---

[2] The Court notes that the dates of Lone Star's service on the pertinent BCBS insureds' claims for insurance coverage range from January 2019 to August 2021. *See ECF No. 89*, *Fourth Amended Complaint, Exhs. A,B*. These are the only insurance claims pertinent to this lawsuit.

[3] Lone Star asserts the Texas Administrative Code, 28 Tex. Admin. Code § 3.3708(b), provides when an out-of-network health provider administers emergency services "the insurer must pay the claim, at a minimum, at the usual and customary charge for the service." In addition, the Texas Insurance Code requires insurers to reimburse out-of-network providers "at the usual and customary rate or at a rate agreed to by the parties and prohibits the insurer from reimbursing the provider "on a discounted fee basis for covered services." Lone Star asserts federal law requires insurers to reimburse out-of-network providers at the greater of: (1) the amount negotiated with in-network providers for the emergency service furnished; (2) the usual, customary, and reasonable amount); or (3) the amount that would be paid under Medicare (part A or part B of title XVII of the Social Security Act, 42 U.S.C. 1395 et seq.) for the emergency service. ECF 89, pp. 28-29 (citing 26 C.F.R. § 54.9815-2719AT(b)(3); 29 C.F.R. § 2590.715-2719A(b)(3); 45 C.F.R. § 147.138(b)(3)).

Based upon these allegations, Lone Star asserts a cause of action for violation of the Employee Retirement Income Security Act (ERISA) § 502(a)(3) for recovery of compensation for health services rendered to an insured who holds a plan by BCBSTX or an insurer that is a member of the BlueCard Program as to those plans governed by ERISA. Lone Star also asserts a state law cause of action for breach of contract for recovery of compensation for health services rendered to an insured who holds a plan by BCBSTX or an insurer that is a member of the BlueCard Program as to those plans exempt from ERISA. The JW Defendants, a collection of out of state insurers that are members of the BlueCard Program, now move to dismiss the breach of contract cause of action as asserted against each of the collective entities for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**Legal Standard**

When a nonresident defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and the court does not hold an evidentiary hearing, the plaintiff bears the burden of presenting a prima facie case that the Court holds personal jurisdiction over the challenging defendant. *Luv n'care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). Once the plaintiff makes a prima facie showing of personal jurisdiction over the challenging defendant, the burden shifts to the defendant to demonstrate that exercising personal jurisdiction would be so unfair and unreasonable as to violate due process. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Federal courts sitting in diversity must first determine whether the forum state's long arm statute permits exercise of jurisdiction, and if so, then determine whether such exercise comports with due process. *Delgado v. Reef Resort Ltd.,* 364 F.3d 642, 644 (5th Cir. 2004); *Latshaw v.*

4

*Johnston,* 167 F.3d 208, 211 (5th Cir. 1999). Because the Texas long-arm statute confers jurisdiction to the limits of due process, the plaintiff's prima facie burden is to show the nonresident defendant purposefully established minimum contacts with Texas such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To do so, a defendant's "minimum contacts" with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg,* 754 F.2d 542, 545 (5th Cir. 1985); *Willis v. Vericel Corp.*, No. SA-23-CV-00044, 2023 WL 2993027, at *3 (W.D. Tex. Apr. 14, 2023). There are two theories under which a court analyzes a defendant's minimum contacts with the forum state: general and specific jurisdiction. *Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001).[4]

Analysis of specific jurisdiction focuses on the cause of action, the defendant, and the forum. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Courts conduct a three-step analysis to evaluate the existence of specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; and (2) whether the plaintiff's cause of action arises out of or results from defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The purposeful requirement "prevents jurisdiction from arising from mere 'random, fortuitous, or at-

---

[4] The JW Defendants' arguments pertain only to specific jurisdiction.

tenuated contacts, or from the unilateral activity of another party or a third person.'" *Special Indus. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 328 (5th Cir. 2014) (quoting *Burger King*, 471 U.S. at 475). If a plaintiff establishes the first two elements of this test, the burden then shifts to the defendant to show the third element: exercising jurisdiction would be unreasonable, meaning it would offend traditional notions of fair play and substantial justice. *McFadin*, 587 F.3d at 759; *see also Luv N'care,* 438 F.3d at 473.

In making this determination, the court must accept as true all uncontroverted allegations in the Complaint and must resolve all factual disputes in favor of the plaintiff. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 869 (5th Cir. 2000); *Turner v. Harvard MedTech of Nevada, LLC*, 620 F.Supp.3d 569, 573 (W.D. Tex. 2022). The Court may also consider affidavits or other materials outside the Complaint. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). However, the Court need not accept any conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power,* 253 F.3d 865, 868 (5th Cir. 2001). The Court must determine first whether it holds personal jurisdiction over a challenging defendant before making any decision as to the merits of the plaintiff's case against that defendant. *Id*. (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 430 (2007)).

### Discussion

The JW Defendants contend Lone Star fails to allege specific facts to support a finding of specific personal jurisdiction over them as to the breach of contract cause of action. *ECF No. 154, pp. 4-7.*

First, for clarification, the JW Defendants admit ERISA provides for nationwide personal jurisdiction over any defendant. *Id. at pp. 2-3*. Therefore, to the extent Lone Star asserts an

ERISA cause of action on all or any of the underlying medical claims upon which this action rests, this Court holds personal jurisdiction over the JW Defendants to adjudicate any ERISA cause of action asserted on the underlying medical claims arising from plans governed by ERISA. *See id*. Therefore, the Court's focus in this Motion to Dismiss for lack of personal jurisdiction is limited to any medical claims arising from plans exempt from ERISA and on which Lone Star asserts only a breach of contract cause of action. This Court must determine whether Lone Star satisfied its burden to show the JW Defendants engaged in the minimum contacts necessary for specific personal jurisdiction on these medical claims, only.

In evaluating specific personal jurisdiction, this Court accepts the following undisputed allegations in the Fourth Amended Complaint as true: all JW Defendants are incorporated under the laws of states outside of Texas and maintain their principal places of business outside of Texas. None of the JW Defendants maintain a regular place of business in Texas and do not have a designated agent for service of process. Every JW Defendant is a member of the BlueCard Program. BCBSTX is a licensee of the Blue Cross and Blue Shield Association and is licensed to offer Blue Cross and Blue Shield branded health insurance plans in Texas.

Lone Star argues this Court has specific personal jurisdiction over the JW Defendants because they conduct substantial business in Texas by insuring and administering health plans and policies that cover Texas residents and because a substantial part of the events or omissions giving rise to Lone Star's breach of contract cause of action occurred here. Specifically, Lonestar contends the requirement of the minimum contacts necessary for specific jurisdiction is satisfied by the JW Defendants' participation in the BlueCard Program. *See ECF No. 89, pars. 46, 50-52*.

**Specific Jurisdiction**

A court may exercise specific personal jurisdiction if (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to defendant's contacts. *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010). The touchstone of either inquiry is whether the defendant purposefully availed itself of the benefits of the forum state. The Court must examine whether the defendant's conduct forms the necessary connection with the forum state. *Walden v. Fiore*, 571 U.S. 277, 283, n.6 (2014); *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Blue Shield of California, Inc, Keenan*, No. SA-23-CV-01414-OLG, 2025 WL 967557, at *9 (W.D. Tex. Mar. 3, 2025), report and recommendation adopted, 2025 WL 971755 (W.D. Tex. Mar. 25, 2025).

In response to the JW Defendants' jurisdiction challenge, Lone Star contends the JW Defendants purposefully availed themselves to specific personal jurisdiction in Texas through their participation in the BlueCard Program and by facilitating healthcare services to their insureds at LoneStar's Texas facility. *See ECF No. 177, pp. 1-2,5-9*; *see also Fourth Amended Complaint, ECF no. 89, pars. 46, 50-52*. Lone Star contends the JW Defendants actively engaged with Texas providers by verifying coverage, approving services, and processing claims for services rendered in Texas.

To answer the question whether this Court holds specific jurisdiction for the reasons provided by Lone Star, this Court finds persuasive guidance in a similar case based upon similar factual circumstance and causes of action and argument, *St. Luke's Episcopal Hosp. v. La. Health Serv. & Indem. Co.*, No. CIV.A. H-08-1870, 2009 WL 47125, at *8 (S.D. Tex. Jan. 6, 2009). In *St. Luke's*, the district court found Blue Cross Blue Shield of Louisiana did not subject itself to the specific personal jurisdiction of Texas courts by authorizing treatment in Texas, ten-

dering partial payment for medical services in Texas, or participating in the same "Blue Card Program" referenced in Lone Star's Fourth Amended Complaint. *Id.* at *2. The *St. Luke's* court held "merely providing out-of-state health coverage to insureds does not subject an insurer to personal jurisdiction in every foreign state in which an insured happens to obtain medical services." *Id. at *8* (citing *Perez v. Pan Am. Life Ins. Co.*, 96 F.3d 1442, 1996 WL 511748, at *2 (5th Cir. Aug. 20, 1996)).

Citing *St. Luke's*, the Fifth Circuit rejected the argument that authorizing out-of-state health care treatment and partially paying a bill for that treatment gives rise to specific jurisdiction. *Choice Healthcare*, 615 F.3d at 369. Going further with respect to the BlueCard Program, the Fifth Circuit held that joining a national organization allowing for coverage and processing in member states did not give rise to a Texas contract or a substantial connection to Texas and was not purposeful availment of the benefits of the forum state. *Id.* at pp. 371–72; *see also Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.*, 2025 WL 967557, at *10.

Based upon this specific guidance, this Court concludes it does not hold specific personal jurisdiction over the JW Defendants based solely upon their participation in the BlueCard Program or by facilitation of healthcare services to their insureds at LoneStar's Texas facility. Consequently, the JW Defendants' Motion to Dismiss the breach of contract cause of action for lack of specific personal jurisdiction against any JW Defendant will be granted.

### Conclusion

For the foregoing reasons, the JW Defendants' Motion to Dismiss for lack of jurisdiction is **GRANTED**. The Motion to Dismiss the breach of contract cause of action as it is asserted against any of the JW Defendants is **GRANTED**. To the extent Lone Star asserts an ERISA cause of action against any of the JW Defendants, the ERISA cause of action remains. For the

facilitation of meaningful mediation scheduled for July 30, 2025, **on or before July 15, 2025**, Lone Star shall provide the JW Defendants a list of the medical claims upon which this litigation rests which arise from Lone Star's treatment of an insured holding an insurance plan that is governed by ERISA and facilitated by any of the JW Defendants, and accordingly, on which it asserts an ERISA cause of action. Failure to provide this list to the JW Defendants by this date, will be deemed as an abandonment of this ERISA cause of action as it pertains to any JW Defendant.

It is so ORDERED.
SIGNED this 2nd day of July, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE