UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LONE STAR 24 HR ER FACILITY, LLC,**

   *Plaintiff*,

v.

**BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION; AND PREMERA BLUE CROSS, et al.,**

   *Defendants*.

Case No. SA-22-CV-01090-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' CareFirst of Maryland, Inc. and Group Hospitalization and Medical Services, Inc. (collectively referred to as "the CareFirst Defendants") Motion to Dismiss the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). *ECF Nos. 156, 191*. Plaintiff Lone Star 24 Hr ER Facility (Lone Star) responded. *ECF No. 179*. Upon consideration, the Motion to Dismiss shall be **DENIED**.

### Factual Background

In the Fourth Amended Complaint, Lone Star asserts it is a privately-held company that operates a freestanding emergency care facility (FEC). Lone Star alleges FECs are required by state and federal law to treat any person who enters its facility seeking emergency care, regardless of insurance status or coverage. Because Lone Star, admittedly, has no contractual relationship with the health insurance provider BCBSTX, Lone Star is considered an "out-of-network" health provider under any health plan administered by BCBSTX. As an out-of-network provider,

Lone Star has no agreed rate of reimbursement for services Lone Star renders to patients insured by BCBSTX. In this specific situation, once Lone Star treats a patient with BCBSTX insurance, Lone Star alleges it must later accept the reimbursement payment BCBSTX provides.

As part of its service to insureds, the Blue Cross and Blue Shield Association[1] operates the "BlueCard Program." If an insurer participates in the BlueCard Program as an Association Member, its' insureds may obtain medical care in states outside of their insurer's normal service area. If this happens, the Blue Cross and Blue Shield entity in the state where the insured is treated, in this case, BCBSTX, processes the claims and arranges for billing to the insured's insurer, in this case, the Anthem Defendants. This way, the BlueCard Program enables insureds who hold insurance under any Blue Cross and Blue Shield plan to receive healthcare services wherever they might be.

Based upon these allegations, Lone Star filed this action on behalf of itself and patients treated at its facility who are insured by BCBSTX or an insurer that is a member of the BlueCard Program. Lone Star asserts a cause of action for violation of the Employee Retirement Income Security Act (ERISA) § 502(a)(3) for recovery of compensation for health services rendered to an insured who holds a plan by BCBSTX or an insurer that is a member of the BlueCard Program as to those plans governed by ERISA. Lone Star also asserts a state law cause of action for breach of contract for recovery of compensation for health services rendered to an insured who holds a plan by BCBSTX or an insurer that is a member of the BlueCard Program as to those plans exempt from ERISA.

---

[1] The Blue Cross Blue Shield Association is a nonprofit organization that serves as the coordinating body for the Blue Cross Blue Shield insurance system. Under the insurance system, individual Blue Cross Blue Shield entities service insurers by region or state, for example BCBSTX services insureds residing in Texas.

The CareFirst Defendants, members of the BlueCard Program, now move to dismiss the action against them based on insufficient allegation of venue under the ERISA provision §1132(e)(2). *ECF No. 156*.

## Legal Standard

A motion to dismiss for improper venue under Federal Rule 12(b)(3) requires the plaintiff to make a prima facie showing that venue is proper, with the court accepting uncontroverted allegations as true and resolving factual disputes in the plaintiff's favor. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 492–93 (5th Cir. 2018).

## Discussion

The CareFirst Defendants contend this case should be dismissed against them because Lone Star failed to plead facts sufficient to establish venue is proper under the specific ERISA venue provision at 29 U.S.C. §1132(e)(2). Specifically, the CareFirst Defendants contend an ERISA plan is "administered" within the meaning of 29 U.S.C. §1132(e)(2) where almost all work with respect to the plan is accomplished, rather than in the district where benefits are received. In determining where an ERISA plan is administered, to determine where proper venue lies, the court should look to the place where the plan is managed and a plan is not administered where it has no employees or operations.

In its Fourth Amended Complaint, Lone Star makes the following venue allegation:

> Venue is proper and appropriately established in this Court under 28 USC § 1391(b)(2), as the named defendant has members that reside in this Federal District and Defendant[s] conduct business in this District. A substantial part of the events, acts or omissions that give rise to the claims herein occurred in the Western District of Texas. . . . Venue is proper is this district pursuant to 28 U.S.C. § 1391(b)(1) and 29 U.S.C. 1132(e)(2), because this is the District in which the plans were administered and claims were processed, where the breach took place, or where the defendant resides or may be found.

*ECF No. 89, p. 19*.

The CareFirst Defendants' argument fails for the same reason already enumerated in previous cases. The CareFirst Defendants limit argument for dismissal based solely on Lone Star's alleged venue-pleading deficiency under the ERISA venue provision, 29 U.S.C. § 1132(e)(2). However, this assertion fails because "'[t]he ERISA venue provision is not exclusive.'" *Windmill Wellness Ranch, L.L.C. v. Blue Cross & Blue Shield of Tex.*, No. 5:19-CV-01211, ECF No. 167 pp. 15-16, 2023 WL 4989282, at *8 (W.D. Tex. June 6, 2023), report and recommendation adopted, 2023 WL 4842453 (W.D. Tex. July 27, 2023), ECF No. 176; *Gilmour, Tr. for Grantor Trusts v. Blue Cross & Blue Shield of Alabama*, No. 5:17-CA-518, 2019 WL 2147580, *4 (W.D. Tex. Mar. 6, 2019); *Macdonald v. Associates for Restorative Dentistry Ltd. Pension Plan*, No. 2:16-CV-168, 2016 WL 4506872, at *2 (N.D. Ind. Aug. 29, 2016); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3825 (4th ed. 2018). "In pleading venue, a plaintiff may use the ERISA provision or 'may employ the venue options provided by the general venue statute,'" which is 28 U.S.C. § 1391(b). *Windmill Wellness Ranch, L.L.C.*, ECF No. 167, pp. 15-16, 2023 WL 4989282, at *8; *Gilmour, Tr. for Grantor Trusts*, 2019 WL 2147580, at *4; *Macdonald*, 2016 WL 4506872, at *2.

As the cited venue allegations in the Fourth Amended Complaint show, Lone Star invoked both the general venue statute, 28 U.S.C. § 1391, and the ERISA venue statute, 29 U.S.C. § 1132(e)(2). The CareFirst Defendants provide no challenge to the venue pleading pursuant to 28 U.S.C. § 1391. For this reason, the Court will not examine the venue-pleading sufficiency under this general venue statute and will presume them to be sufficient. *See Windmill Wellness Ranch, L.L.C.*, ECF No. 167, pp. 15-16, 2023 WL 4989282, at *8; *Gilmour, Tr. for Grantor Trusts*, 2019 WL 2147580, at *4; *Macdonald*, 2016 WL 4506872, at *2.

Because Lone Star's allegations are sufficient under the general venue statute, the CareFirst Defendants' Motion to Dismiss will be denied on this basis.

In the alternative, the CareFirst Defendants request this Court sever them from this case and transfer venue to Maryland for CFMI and the District of Columbia for GHMSI. The CareFirst Defendants contend good cause exists for this transfer because it is for the convenience of parties and witnesses and in the interest of justice.

A court may transfer a case "for the convenience of parties and witnesses, in the interest of justice" to another district where the action might have been brought. 28 U.S.C. § 1404(a). Transfer is appropriate only if the transferee district is clearly more convenient. *Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The moving party bears the burden of showing transfer is warranted, considering private and public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Transfer is inappropriate where it merely shifts inconvenience from one party to another. *Id*.

This Court finds transfer of venue would only shift inconvenience from one party to another. The CareFirst Defendants fail to satisfy their burden to show transfer of venue would satisfy the public and private interest factors other than convenience to them. Therefore, the alternative request for transfer of venue will be denied.

**Conclusion**

For the reasons stated, the CareFirst Defendants' Motion to Dismiss for venue-pleading deficiency under 29. U.S.C. § 1132(e)(2) is **DENIED**.

It is so ORDERED.
SIGNED this 3rd day of July, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE